# East Tenn., Va. & Ga. Railroad Co. *v.* Hughes.

*Mandamus from Circuit Court to Justice of the Peace.*

1. *Codifying statutes ; reference to original statutes.*—When, in codifying statutes, doubt or ambiguity is created, as to the construction of any particular provision, the courts will refer to the original statutes and their

[East Tenn., Va. & Ga. R. R. Co. v. Hughes.]

history; and will give effect to the provision as originally framed, notwithstanding a change in its phraseology or relative location, unless a clear intention is manifested to change thereby its construction and operation.

2. *Appeal to jury, from justice's judgment.*—The statute which gives an appeal to a jury, from a judgment rendered by a justice of the peace (Code, § 3619), is not confined to actions for the recovery of specific property (§ 3618), but applies also to actions founded on contracts and actions for the recovery of damages.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This was an application by the appellant, "a corporation created by the laws of Tennessee," for a *mandamus* to D. L. Woolf, a justice of the peace for said county, and R. F. Hughes, plaintiff in an action instituted in said justice's court, or other appropriate writ, to set aside a judgment in that action in favor of said Hughes, rendered on the verdict of a jury, and to enforce a former judgment in favor of the defendant (said railroad corporation), rendered by the justice of the peace himself. The petition alleged, that said action was brought by said Hughes, on the 6th November, 1883, "for the recovery of $28.56, alleged to be due to him by petitioner;" that the defendant appeared, and defended the action; that the justice, on the hearing of the cause, rendered judgment for the defendant, but afterwards, on the 14th November, 1883, without authority of law, granted the plaintiff an appeal to a jury; and that the jury, on the 26th November, 1883, returned a verdict for the plaintiff, for $26.80 damages. The petitioner insisted that there was no authority of law for an appeal to a jury in such cases, and therefore prayed a *mandamus*, or other appropriate writ, to set aside the second judgment, and to enforce the first. Hughes appeared, in answer to a rule *nisi*, and demurred to the petition; and the judgment sustaining his demurrer is now assigned as error.

BOWDEN & KNOX, for the appellant.

W. J. BROOK, *contra*.

CLOPTON, J.—Section 3619 of Code provides: "Any person, dissatisfied with the judgment of the justice, may, within five days thereafter, appeal to a jury, on giving bond in double the amount of the judgment and costs, conditioned for the payment of the eventual condemnation money; and such justice, his successors in office, or any justice of the peace in the county, may issue subpoenas for all witnesses that the parties in such appeal may desire." It is insisted, on the part of appellant, that this section authorizes an appeal to a jury, from the judg-

ment of the justice, only in actions for the recovery of specific property, provided for in the next preceding section.

When the effect of condensing, embodying and arranging statutes in a Code, is to create ambiguity or doubt as to their proper construction, the court will refer to, and consult the original acts, in connection with their history, and also of the sections proximate in arrangement, with which they are supposed to be correlative, in order to ascertain the legislative intent. Although a difference in phraseology and arrangement may be made by the codifiers, this does not necessarily work a change of construction. Unless the alteration of the original act is of such character as to manifest a clear intent to make a change in the construction and operation, effect will be given to the statute as originally framed by the General Assembly. *Steele v. State*, 61 Ala. 213 ; *Landford v. Dunklin*, 71 Ala. 594.

Section 3619 is a substantial copy of the first section of " An act to establish jury trials in justices' courts," approved February 5th, 1858. The other provisions of the act, which regulate proceedings in case of an appeal, are embodied in sections from 3620 to 3626, inclusive. At the time of the passage of the act, justices of the peace had jurisdiction of actions founded on contracts, express or implied, actions for the recovery of damages merely, and actions for the recovery of specific property. Having reference to the entire jurisdiction possessed by justices, the act to establish jury trials in justices' courts was enacted. It is a separate and general statute, and is not, by its terms, or by implication, restricted to any particular class of actions. We can conceive no sufficient reason, why an appeal to a jury should be allowed in actions for the recovery of specific property, and withheld in actions founded on contracts, or for the recovery of damages merely.

The phraseology of the original statute is broad and comprehensive—applicable alike to any and all actions within the cognizance of justices of the peace, other than special proceedings, where provisions are otherwise made. There is no room for interpretation. The clear legislative intent was, by the original act, to grant the appeal to a jury, from the judgment of the justice, in any of the actions of which he, at that time, had jurisdiction. The arrangement of the sections in the Code is not inappropriate. All the sections of the chapter, preceding section 3618, provide the manner of bringing, the venue, and the subsequent proceedings, in all three classes of actions ; as well for the recovery of specific property, as for the recovery of damages merely, and those founded on contracts. Section 3618 merely declares the kind of judgment that shall be rendered in an action for the recovery of specific property ; and then follow the provisions for an appeal to a jury. The arrangement does

[Brunson v. Morgan.]

not show a legislative intent to change the construction, so as to restrict the operation of section 3619 to the judgment in an action for the recovery of specific property.

The appeal to a jury was properly allowed by the justice of the peace.

Affirmed.