# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1888.

ROBERT COLVIN, Respondent, v. WILLIAM SUTHERLAND
*et al.*, Appellants.

### St. Louis Court of Appeals, October 16, 1888.

1.  **Justices' Courts** : STATEMENT: JURISDICTION.    In a *statement*
    *filed with a justice of the peace, complaining of tort and con-*
    *taining two counts, each demanding a recovery of one hundred*
    *dollars damages, if it be manifest from the allegations that the two*
    *counts, although in different phraseology, relate to one and the*
    *same injury, it is to be inferred that the suit is for the sum of one*
    *hundred dollars only, and the demand does not exceed the juris-*
    *diction of the justice.*

2.  **Damages** : LAWFUL FENCE.   Where the defendants, while making
    a railroad excavation across a public road, erected a barb-wire
    fence along the top of the cut, to prevent the falling of animals
    into it, if it conclusively appear that the fence was a lawful one,
    it is error to instruct that the plaintiff should recover "if said
    fence, on account of its nature, height and manner of construc-
    tion, was such as to endanger animals traveling thereon, and
    plaintiff's mare ran into said fence and was injured thereby."

( 77 )

3.   **Animals Running at Large.** The maxim that he who suffers his cattle to run at large must take upon himself the risk incident to it, has no application to animals lawfully upon the public highway, but applies only to such as are trespassing.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Wood & Montgomery*, for the appellants.

Instructions one and two given for plaintiff were erroneous. These instructions assert the proposition that a "reasonable safeguard," if in the form of a barbed-wire fence, must be at least four and a half feet high ; that, if the safeguard was less than four and a half feet high, and so constructed as to injure an animal running into it ; then defendants are liable, notwithstanding any fault or contributory negligence on the part of plaintiff. This proposition is certainly without authority in law. *Montgomery v. Railroad*, 90 Mo. 446 ; *Ridenore v. Railroad*, 81 Mo. 227 ; *Braxton v. Railroad*, 77 Mo. 455 ; Cooley on Torts, 674 ; *Smith v. Hardesty*, 31 Mo. 411 ; *Packet Co. v. Vandergift*, 34 Mo. 55 ; *Callahan v. Warne*, 40 Mo. 131 ; *Liddy v. Railroad*, 40 Mo. 506. Instruction number one is erroneous, in that it is inconsistent with itself. *Seymour v. Seymour*, 67 Mo. 303 ; *Wood v. Steamboat*, 19 Mo. 529. We do not understand that the statute governing fences is applicable to barriers of this character. If so, the evidence discloses that defendants had strictly complied with the statute. Acts of 1887, p. 194. The principle is well settled in this state and others, that "he who suffers his cattle to run at large takes upon himself the risks incident to it." *Knight v. Abert*, 6 Pa. St. 472 ; *Hughes v. Railroad*, 66 Mo. 325 ; *Turner v. Thomas*, 71 Mo. 596 ; *Hartfield v. Roper*, 21 Wend. 615 ; s. c., 54 Am. Dec. 273 ; *Trow v. Railroad*, 24 Vt. 487 ; s. c., 58 Am. Dec. 191, and notes; *Williams v.*

*Railroad*, 2 Mich. 259 ; s. c., 55 Am. Dec. 59 ; *Cauley
v. Railroad*, 95 Pa. St. 398 ; s. c., 40 Am. Rep. 664. It
appears from the evidence that plaintiff was guilty of
carelessness or negligence, which contributed directly to
produce the injury ; hence the jury should have been
instructed to find for defendants. *Noland v. Shickle*,
69 Mo. 336 ; *Harland v. Railroad*, 64 Mo. 480 ; *Fletcher
v. Railroad*, 64 Mo. 484 ; *Schaabs v. Wheel Co.*, 56 Mo.
173. The court did not acquire jurisdiction of the
cause. The aggregate amount demanded in the petition
exceeded the jurisdiction of the justice, and jurisdic-
tion could not be given by entering a *remittitur* in the
circuit court. *Bachelor v. Bess*, 22 Mo· 402.

*Matlock, Hiller & Howard*, for the respondent.

Every one who lawfully interferes with a public
highway so as to render it dangerous to passengers is
bound to guard against such danger, and if he does not
he is liable to an action for negligence. Whittaker's
Smith on Negligence, 113. And where a power or
license is given to interfere with a highway, it is an
implied condition that at least ordinary care shall be
taken, and where privileges are bestowed on corpora-
tions with such powers, something more than ordinary
care is demanded. *Potter v. Bunnell*, 20 Ohio, 150 ;
*Veazie v. Railroad*, 39 Me. 119. The act of 1887, at
page 194, provides that all fences composed of posts
and wire, shall be at least four and one-half feet high,
with posts set firmly in the ground, not more than eight
feet apart, and the wires securely fastened thereto, and
placed at proper distances apart, so as to resist horses,
cattle, swine, and other live stock. We insist that a
barbed-wire fence placed along the side of a public road,
if less than four and one-half feet high, with the wires
fastened more than eight feet apart, and not set firmly
in the ground, and the wires not fastened securely
thereto, and placed at proper distances apart, so as to
resist horses, cattle, swine, and other live stock, would,

on account of the dangerous character of the barbs attached to the wires, render the owners of such fence liable for injuries to stock occasioned thereby. *Weatherhead v. Bray*, 7 Ind. 106. A nuisance is anything that worketh hurt, inconvenience, or damage to another, as if one does an act in itself lawful, but being done in a particular place necessarily tends to the damage of another's property, it is a nuisance. *Norcoss v. Thoms*, 15 Me. 503 ; *Ellis v. Railroad*, 63 Mo. 131.

Rombauer, P. J., delivered the opinion of the court.

The defendants were railroad contractors, and as such engaged in excavating the roadbed for a railroad at right angles across a public highway. The proposed excavation at that point was sixteen feet deep. The defendants, to guard the public, erected a post and wire fence, commonly known as a barb-wire fence, across the public highway on each side of the railroad excavation, and at some little distance therefrom, and deflected the public road at that point so that it crossed the roadbed by a detour on a level, returning into the old roadbed on the other side.

The evidence tended to show that the plaintiff's mare, while running at large, ran against the barb-wire fence thus constructed and was seriously injured. Upon a trial of the cause the plaintiff had judgment for the value of the mare. No complaint is made as to the extent of the recovery, provided any recovery is warranted by the law and evidence.

The substantial complaints made by the defendants are that the court erred in not dismissing the suit for want of jurisdiction ; that it misdirected the jury as to the law, and that the verdict is not supported by the evidence.

I. The cause originated before a justice of the peace. Plaintiff's statement contained two counts, each stating the same cause of action in somewhat different phraseology, and each concluding with a

prayer for judgment for one hundred dollars damages. Defendants moved in the circuit court to dismiss the suit because it was an action of tort, and the damages sought to be recovered were two hundred dollars, and thus the suit was one beyond the justice's jurisdiction. This motion was properly overruled. It is obvious, from the statement, even without the explanatory disclaimer of plaintiff's counsel, that the entire recovery sought is only one hundred dollars.

II. The evidence tended to show that the fence erected by defendants was a post and wire fence, the posts set from twelve to fourteen feet apart, with the wires fastened to them in the usual way by staples, and the higher wire four feet above the ground. The fence, under the evidence, was a lawful fence against horses within the requirements of the act of 1887. Laws 1887, p. 194. There was no evidence whatever that defendants' entry upon the road for the purpose of making the excavation was unlawful, nor that the erection of the fence was unlawful, nor was there any evidence that the erection of post and wire fences at such crossings is unusual, or that the character of the fence is extra dangerous. The plaintiff's own evidence disclosed the fact that fields along the public road where the accident happened are fenced with similar fences, and that his own fence is of the same character. There was no evidence from which it could be legally inferred that the mare received her injuries by falling into the excavation ; on the contrary, the evidence concedes that the injuries received were caused by her running against some barb-wire fence ; presumably the fence erected by the defendants.

This being the character of the evidence, the court, upon plaintiff's request, instructed the jury as follows :

" The jury are instructed that it was the duty of the defendants, while engaged in the excavation of the roadbed across the public highway, to place reasonable safeguards across said highway at such excavation, to

prevent animals from going over said embankment, and that, if the jury believe, from the evidence, that defendants erected across said road, at such place, a barbed-wire fence, less than four and one-half feet high, and that said fence, on account of its nature, height and manner of construction, was such as to endanger animals traveling thereon, and that plaintiff's mare ran into said fence, and was injured thereby, then in such case the verdict should be for plaintiff.''

This instruction was clearly erroneous and prejudicial. The first part of it is correct enough, but since the fence was a lawful fence against horses, under the statute of 1887, and since there was no evidence of negligence in its construction either in regard to ''its nature, height, or manner,'' the second part of the instruction was unsupported by the evidence and thus unwarranted.

As long as farmers fence their own fields along public roads with barb-wire fences, and contend that they are lawful fences, they cannot justly contend that such fences are unlawful when erected by others; and we certainly cannot assume this as a matter of law. Eliminating from the case the fact that the fence complained of is a barb-wire fence, there is nothing in the testimony from which the inference can be drawn that its nature, height, or manner of construction was such as to endanger animals traveling on the public highway any more than any other similar obstruction placed by defendants in the highway. That the defendants could not guard against the dangers of the excavation without placing some obstruction in the road is self-evident.

III.    What has been said herein equally applies to the defendant's last complaint, that the evidence fails to support the verdict.

As we shall remand the case for new trial, we may add that defendants are mistaken in trying to apply to the facts of this case the maxim, that he who suffers his cattle to run at large takes upon himself the risk incident to it. The cases of *Hughes v. Railroad*, 66 Mo.

325, and *Turner v. Thomas*, 71 Mo. 596, apply this to trespassing cattle, and when thus applied it is generally recognized as correct. In this case the plaintiff's mare was lawfully upon the highway, and if it received injuries there, owing to the negligent construction of an obstruction placed therein, even though the obstruction be lawful, the plaintiff is not debarred from recovering by the fact that his mare was running at large.

Reversed and remanded. PEERS, J., concurs; THOMPSON, J., absent.