JAMES L. GREEN, Respondent, v. THE KANSAS & TEXAS COAL COMPANY, Appellant.

Kansas City Court of Appeals, April 17, 1893.

Negligence: CONTRIBUTORY: TURNING HORSE INTO PASTURE. Defendant mined the coal under plaintiff's pasture so that the surface fell in, leaving a hole. After both plaintiff and defendant had known of the hole for a month, plaintiff turned his horse into the pasture where it fell into the hole and was killed. *Held*, the court cannot say as a matter of law that the act of plaintiff was contributory negligence, in the absence of the particular circumstances attending the turning of the horse into the pasture.

*Appeal from the Macon Circuit Court.*—HON ANDREW
ELLISON, Judge.

AFFIRMED.

*Web M. Rubey*, for appellant.

The sole question for the court is, can plaintiff
recover for injury to his mare upon the ground of the
neglect of the defendant, when by reasonable care and
prudence on his part such injury might have been
avoided. No matter what the wrongful or neglectful
conduct of others, every man is bound to reasonable
care to avoid being a victim of the wrong or neglect
of others. This position is supported by reason and
authority. *Weber v. Railroad*, 100 Mo. 194; *Rine v.
Railroad*, 100 Mo. 228; *Jennings v. Railroad*, 99 Mo.
394; *Baker v. Railroad*, 98 Mo., 50; *Butts v. Railroad*,
98 Mo. p. 272; *Shinhoff v. Railroad*, 97 Mo. 151; *Dough-
erty v. Railroad*, 97 Mo. 647; *Dahlstrom v. Railroad*,
96 Mo. 99. The plaintiff knew of the danger and how
to avoid it, and it was his duty to have done so, and,
failing, the law leaves him to suffer by his neglect, and
the neglect of defendant cannot be pleaded in mitiga-
tion of that neglect.

*Dysart & Mitchell*, for respondent.

(1) It is not sufficient that plaintiff's negligence
remotely contributed to promote the injury. *Morrissey
v. W. F. Co.*, 43 Mo. 384; *Foster v. Swope*, 41 Mo.
App. 137; *Boland v. City of Kansas*, 32 Mo. App. 8;
*Taylor v. Railroad*, 26 Mo. App. 336, and cases cited in
each. The plaintiff had the undisputed right to said
premises for *pasturage* and was using said premises for
that purpose only, when his mare was injured. The
defendant coal company insures the integrity of the
surface for the owner or any lawful occupant thereof,

and must make good any damage arising from breaking of surface. *Sherman v. Iron Works Co.* (2 Allen, 524), 79 Am. Dec. 799; *Crommelin v. Coxe* (30 Ala. 318), 68 Am. Dec. 120; Bainbridge on Mines, pp. 485, 486; *Yandes v. Wright*, 66 Ind. 319; Sherman & Redfield on Negligence, sec. 506; *Gillmore v. Driscoll*, 122 Mass, 199; *Williams v. Hay*, 120 Pa. St. 485; s. c., 6 Am. St. Rep. 719, and note; Sharswood and Budd's Leading Cases on Real Property; *Jones v. Wagner*, pp. 270-284. This is true, although plaintiff knew of the pit-hole in the surface. The author of the nuisance must himself look to the necessary and reasonable consequence of his act. *Crommelin v. Coxe, supra; Crafton v. Railroad*, 55 Mo. 580; *Williams v. Groncott*, 13 Morrison's Mining Reports, 632, and 4 Best & Smith, 148; Bainbridge on Mines, p. 517; MacSwinney on Mines, p. 285; Rogers on Mines, Minerals & Quarries, pp. 370 and 371. (2) The law goes beyond this case and says that mine owners must compensate not only surface owners, but also neighboring proprietors whose rights are injuriously infringed—owners of property unconnected with the lands in which the mines are worked. Authorities cited, *supra; Iron Works v. Mining Co.*, 28 N. J. Eq., R. (1 Stewart), 77; Bainbridge on Mines, pp. 483, 517; American & English Encyclopedia of Law, 589. These reports and text books seem to us to only reaffirm the last law as given by Moses in Exodus, 21: 33, *et seq*.

ELLISON, J.—This is an action for damages for the loss of the plaintiff's horse by falling into a hole in a pasture of which plaintiff was in possession as ''co-cropper or tenant'' of his father, the owner. The facts further appear to be that defendant purchased the coal underlying this land, and right to mine it, from plaintiff's father; ''that defendant mined the coal

from under the surface of said land, by reason of which a part of said surface fell in, leaving the hole into which plaintiff's mare fell;" that neither defendant nor plaintiff fenced or guarded this hole, although each had known of it for as much as a month before the accident. The court found for plaintiff.

The sole question presented to us by the instructions, which were offered by defendant below, the refusal of which is urged here as error, is whether the court should have found as a matter of law that it was contributory negligence in plaintiff to turn his animal into the pasture, knowing the hole in the ground was unfenced. The instructions declare that notwithstanding defendant's negligence (which the case concedes), yet, since plaintiff knew the hole was unguarded, he could not recover. We cannot say that it was error in the court to refuse these declarations. We are not willing to assert as a matter of law that it is contributory negligence for an owner to turn his horse into "a pasture" which has a hole made by the falling in of a portion of the surface. We are not advised as to the size of the pasture or the hole. We are not advised as to whether there was anything about the opening in the ground to attract a horse, such as pasturage or food of any kind. In short we have no information except that it was a pasture, and that "a part of its surface" had fallen in, "leaving the hole into which plaintiff's mare fell." There may have been many circumstances or facts, connected with the act of turning in, which would tend strongly to relieve the act altogether of negligence, or which would make it a matter of, at least, questionable propriety. If the latter was the case it could not be said to be negligence as a matter of law. It would be for the trier of the facts to determine as a fact, and by whose determination we

would be bound. These matters should have been made to appear by defendant, since its negligence is conceded. Contributory negligence on the part of plaintiff is a matter of affirmative defense, and a defendant must make it appear. The defendant must make the showing by way of excusing himself. The case as presented in the record will not justify us in making a decision of the points presented by counsel.

The judgment will be affirmed. All concur.