ROLEN GOOCH, SR., Respondent, v. PRICE BOWYER, Appellant.

### Kansas City Court of Appeals, May 6, 1895.

Contributory Negligence: PASTURE: DANGEROUS FENCE. Defendant, in building a partition fence between his and plaintiff's field, placed a barbed wire on plaintiff's side of the fence about twenty inches from the ground, on which plaintiff's horse was injured and died. *Held*, that plaintiff was not guilty of contributory negligence in turning his horse into the pasture, although he knew of the wire, as he could not be deprived of the use of his premises by defendant's violation of duty.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*E. R. Stephens* for appellant.

(1)    The instruction for plaintiff is erroneous, because it did not submit to the jury the question of contributory negligence disclosed by the testimony of the plaintiff. *Hoffman v. Parry*, 23 Mo. App. 20, 30; *Raysdon v. Trumbo*, 52 Mo. 35; *Budd v. Hoffheimer*, 52 Mo. 297; *Wyatt v. Railroad*, 62 Mo. 408.    (2)    The defendant's third instruction should have been given. When Gooch knew that the dangerous barb wire was placed on his fence by Bowyer, and afterward permitted the same to remain without objection, ought not now be heard to say that defendant was guilty of negligence.

(3) The defendant's fourth instruction, refused by the court, should have been given. This instruction presents the question of contributory negligence, as shown by plaintiff's own testimony, which defeats his right of action. It is the settled law of this state that such testimony may be taken advantage of, whether contributory negligence be pleaded or not. *Hudson v. Railroad,* 101 Mo. 14, 30, 31, 32, 34, 35.

*A. W. Mullins* for respondent.

(1) The undisputed facts in this case show that the plaintiff was entitled to recover. *Green v. Coal Co.,* 53 Mo. App. 606; *Donovan v. Railroad,* 89 Mo. 147; Cooley on Torts, pp. 565, 608; *Foster v. Swope,* 41 Mo. App. 137; 1 Thompson on Negligence, pp. 299–300, 302; Whitaker's Smith on Negligence, pp. 74–75; *Schmidt v. Distilling Co.,* 90 Mo. 284, 294. (2) There was no evidence to justify an instruction on contributory negligence. But that is an affirmative defense, and, as the answer in this case is a general denial only, the defendant's instructions 3 and 4 for that reason were properly refused. 1 McQuillin, Pleading and Practice, sec. 371; *Donovan v. Railroad, supra; Young v. City of Kansas,* 27 Mo. App. 101; *Petty v. Railroad,* 88 Mo. 306; *O'Connor v. Railroad,* 94 Mo. 150; *Green v. Coal Co., supra.*

GILL, J.—Plaintiff and defendant owned and occupied adjoining pastures. The fence, as originally built, was entirely on plaintiff's land, and was a rail or worm fence. In the spring of 1892, defendant reset the fence and constructed it on the division line. In order to make it more effective in turning stock, defendant, without the knowledge or consent of plaintiff, placed a barbed wire on the plaintiff's side of the fence, fasten-

ing the same to the rails and about twenty inches or two feet from the ground. In the month of June following, plaintiff's saddle horse, which was left grazing in his (plaintiff's) pasture, got one fore foot over this wire, and in the struggle to be released, his foot was so cut and mangled that he died. Thereupon plaintiff brought this action for damages, and on a trial in the circuit court recovered judgment for the value of the horse, and defendant appealed.

To reverse the judgment, defendant relies on the court's refusal to give the following instruction, asked by him at the trial:

"4. The jury are instructed, if they believe, after Bowyer had put the barb wire on the fence, that the plaintiff knew of the same being on said fence, and permitted the horse to remain in the pasture, and the horse was injured thereby, without any further act of the defendant, the finding should be for defendant."

In the printed argument, defendant's counsel practically concedes that defendant was negligent in so placing the barb wire along the division fence, but insists that plaintiff ought not to recover because himself guilty of contributory negligence in that he saw the condition of the wire before the horse was injured, and yet allowed his stock to occupy the pasture. It was upon this theory that the above instruction was requested.

The trial court properly refused said instruction. The facts therein stated did not, as matter of law, make a case of contributory negligence on the part of the plaintiff. He had the right to pasture his own stock on his own premises, and he could not be deprived thereof by the defendant's violation of duty. *Donovan v. Railroad*, 89 Mo. 147; *Green v. Coal Co.*, 53 Mo. App. 606; 1 Thompson on Neg., p. 531.

Judgment affirmed. All concur.