# Clear Creek Lumber Co. v. Gossom.

### Damages from Trespass by Stock.

(Decided June 13, 1907.  44 South. 404.)

1. *Animals; Depredation on Crop; Fencing.*—Unless the crops are grown on land enclosed by a lawful fence, or on lands within a territory in which stock was prohibited from running at large either by statute or municipal ordinance, the owner of stock committing depredations oň such crops is not liable in damages.

2. *Same; Complaint.*—A complaint for depredations upon growing crops by stock running at large is insufficient and subject to demurrer unless it alleges that the crops were enclosed by a lawful fence, or within a district where stock is prohibited from running at large.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Suit by Tom Gossom against the Clear Creek Lumber Company for damages for depredation of stock upon his growing crop. There was judgment for plaintiff, and defendant appeals. Reversed and remanded.

D. D. ASKEW, and E. S. THIGPEN, for appellant.—It is the right of every owner to permit his cattle and stock to run at large and those who would avoid injury to

[Clear Creek Lumber Co. v. Gossom.]

their land must fence against it.—*Hurd v. Lacey,* 93 Ala. 428; *Roe v. Baber,* Id. 424; *Pruett v. Ellington,* 59 Ala. 545; *M. & O. R. R. Co. v. Williams,* 53 Ala. 595; *N. & C. R. R. Co. v. Peacock,* 25 Ala. 229. Unless the crops are enclosed by a lawful fence the owner of stock depredating the land cannot be regarded as a trespasser. —Sections 2110-2113, Code 1896; *Hurd v. Lacey, supra.* The complaint does not state a substantial cause of action and will not support the judgment.—*Jordan v. N. C. & St. L. Ry.,* 131 Ala. 220; *L. & N. R. R. Co. v. Williams,* 113 Ala. 402.

H. R. GOLSON, and HOLMES & HOLMES, for appellee.— The action is trespass on the case and there is no misjoinder.—*Railway Co. v. Martin,* 100 Ala. 511; *Buckalew v. T. C. I. Co.,* 112 Ala. 146. No demand was necessary.—1 Cyc. 62. It was not necssary to allege the injury complained of was wrongful.—*Leach v. Bush,* 57 Ala. 145; *M. & M. R. R. Co. v. Crenshaw,* 65 Ala. 566.

McCLELLAN, J.—The complaint charges that the defendant "turned his stock or cattle loose or at large, and permitted or caused said stock to go upon said land and injure or destroy" the crops of the plaintiff growing thereon. In this state the owner of domestic animals is not liable for depredations committed by them on growing crops, unless the territory on which the crops are is inclosed in a lawful fence, or, unless the invaded territory is within a district in which the running of stock at large is prohibited by municipal ordinance or legislative act. The general rule is that stock must be fenced out, not in.—*Rowe v. Baber,* 93 Ala. 242, 8 South. 865; *Hurd v. Lacey,* 93 Ala. 428, 9 South. 378, 30 Am. St. Rep. 61, and authorities therein cited. This complaint simply avers permitting the stock depredating to run at large,

without averring that the crops injured or destroyed were under a lawful fence, or within a stock district. It therefore follows that the demurrers should have been sustained.

The judgment will be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.