# Means *v.* Morgan.

### *Damages for Killing Hog.*

(Decided Nov. 23, 1911. 56 South. 759.)

1. *Animals; Running at Large; Right to Kill.*—Where a hog was running at large and was shot and killed while attempting to seize a chicken of the defendant, the defendant cannot justify the killing under the rule that the owner of domestic animals may defend them from attack or injury through the attacks of other animals, there being no evidence that the owner of the hog knew that it was a chicken eating hog, or that it had previously eaten defendant's chickens.

2. *Same.*—The rule in Alabama is that domestic animals may run at large unless prohibited by statute; the common law rule that animals must be kept upon the owner's premises has never obtained here.

3. *Same; Trespass; Highway.*—The maxim that one who suffers his animals to run at large takes upon himself the risk incident thereto, does not apply to animals running at large in the highways, but applies only where the animal is trespassing upon the premises of another.

4. *Same; Right to Kill; Nuisances.*—A hog running at large in the highway, although in the habit of killing chickens is not thereby rendered a public nuisance subject to be killed by anyone; the remedy is to impound him or drive him away and notify the owner.

[Means v. Morgan.]

5. *Same; Damages; Amount.*—Section 4245, Code 1907, has no application to the killing of a hog in a highway.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by R. P. Means against J. A. Morgan, for damages for killing a hog. Judgment for defendant and plaintiff appeals. Reversed and rendered.

STREET & ISBELL, for appellant. It is certainly not the rule even at common law that an animal running at large not in its nature vicious, about to destroy other property, may be killed regardless of the relative value of the animals, and of the owner's ignorance of its vicious propensities.—2 Cyc. 414, and notes; Cooley on Torts (1st Ed.) 346; *Anderson v. Smith*, 7 Ill. App. 354; *Johnson v. Patterson,* 35 Am. Dec. 96; *Brill v. Flagler*, 23 Wend. 354; *Wright v. Ramstot*, 1 Saund. 84; *Vere v. Cowder*, 11 East 569. In all cases where the right to kill has been recognized it is held that the owner must first be notified of the vicious tendencies of the animal.—*Moore v. Nixon*, 53 N. C. 35; *Williams v. Dixon,* 65 N. C. 416; 2 Cyc. 416. The owner of animals not ferae naturae is not liable in damages for injuries done by it to animals, the property of another in the absence of notice of its vicious propensities.— *Smith v. Causey*, 22 Ala. 568; *Darden v. Barnett*, 7 Ala. 169; *Kitchens v. Elliott*, 114 Ala. 290; 2 Cyc. 368; Street Fund. Leg. Liab. 53. Section 4245 has no application to this case. The common law policy in Alabama has been reversed, and unless prohibited by statute, animals may run at large.—*Hurd v. Lacey*, 93 Ala. 428; *Willhite v. Speakman*, 79 Ala. 400.

JOHN A. LUSK, for appellee. It seems to be very well settled that a man may kill a vicious animal to

[Means v. Morgan.]

prevent injury to himself, members of his family or the destruction of his property.—2 Cyc. 415; *Russell v. Barrow*, 7 Port. 106; see note 65 and cases cited, especially *Anderson v. Smith*, 7 B. Rep. Ill. App. 354; *Morse v. Nixon*, 8 Jones Law, N. C. 35; *Leonard v. Wilkins*, 9 *Johnson* N. Y. 233; *King v. Kline*, 6 Ban. Pa. 318. See notes to *Tonawanda R. R. Co. v. Munger*, 49 Am. Dec. 260, and authorities cited in first paragraph, p. 260.

PELHAM, J.—An animal, a hog, the property of appellant, was shot and killed by the appellee while running at large in the public road in front of the appellee's house. At the time of the killing, the hog was "on the point of seizing" one of appellee's chickens that, together with other chickens, was in the road. The bill of exceptions recites that on some occasion prior to this time the animal in question had caught one or more of the appellee's chickens at about the same place, "but there was no evidence that plaintiff (appellant) knew the hog was a chicken-eating hog. The day before the killing, about sundown, the appellee had gone to the appellant's house, a half mile distant from the home of appellee, and notified appellant's wife to tell her husband to keep the hog up, as it was eating his chickens, but it was not shown by any satisfactory proof that appellant received this message before the killing about noon on the next day.

In deciding, as we do, that under the facts in the case before us the killing was not justified, we do not desire to be understood as holding that there are not circumstances under which an animal damage-feasant may be killed justifiably and no liability incurred. The right to defend domestic animals from injury or destruction through the attacks of other animals, and the extent to which a person may lawfully go in such

defense, necessarily depends on the circumstances and necessities of the particular case, as to whether or not the right is reasonably and properly exercised, so as to make it a lawful and justifiable act.

The common-law rule that animals must be kept on one's premises does not obtain in this state. The rule is, rather, reversed, and animals are permitted to run at large unless prohibited by statute. *M. & O. R. R. Co. v. Williams*, 53 Ala. 595; *Hurd v. Lacy*, 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61.

The maxim that one who suffers his animals to run at large takes upon himself the risk incident thereto applies only where the animals are trespassing on the lands of another, and not to animals running at large in the highway.—*Colvin. v. Sutherland*, 32 Mo. App. 77.

In the case at bar the owner is not shown to have had knowledge of any facts that would require him not to suffer the animal to run at large. If the hog because of its propensity to worry or kill domestic fowls was a nuisance, this fact is not shown to have been made known to appellant.

The animal at the time it was killed was not trespassing on the lands or inclosure of the appellee, but was running at large in the public road, where there was no stock law prohibiting stock from running at large, and it seems to us that, there being nothing to put the appellant on notice of the vicious propensity of the animal and nothing to characterize the act of allowing it to run at large as illegal or wrongful, appellee would not be justified in shooting and killing the animal, although in the act or "on the point" of seizing a chicken that belonged to the appellee at the time.

We do not concur in the opinion of his honor as to the right of killing hogs that are in the habit of eating

[Means v. Morgan.]

chickens. The position that such a hog is a public nuisance, and may be killed by anyone, is not supported on principle or authority, and, if recognized, would lead to monstrous consequences. Allow such a right, and the peace of society cannot be preserved; for its exercise would stir up the most angry passions, and necessarily result in personal collisions. It may be the killing would be justified by proving that the danger was imminent, making it necessary, then and there, to kill the hog to save the life of the chicken; but we are inclined to the opinion that, even under these circumstances, it is not justifiable to kill the hog. It should be impounded, or driven away, and notice given to the owner, so that he may put it up."—*Morse v. Nixon*, 51 N. C. 293; Law of the Farm, Thompson, p. 168, note 1.

The complaint seeks a recovery for five times the amount of injury done under the statute (Code, § 4245), but the proof fails to bring the case within the provisions of that statute. The complaint, however, contains sufficient allegations to support a judgment for the value of the animal killed, and, the case having been tried by the court without a jury and the appellant being entitled, under the evidence, to a judgment against the appellee for the wrongful killing of the hog, the judgment of the court below in favor of the appellee is set aside and reversed, and a judgment is here rendered in favor of the appellant and against the appellee for $4, the amount shown by the evidence to be the value of the animal unjustifiably killed.

Reversed and rendered.