# Jones *v.* Duncan.

## *Damage for Trespass to Crop.*

(Decided May 7, 1912.   58 South 972.)

1. *Animals; Trespassing; Liability.*—In the absence of a statute the owner of domestic animals is not liable for damages committed by them on the unenclosed lands of another, and hence, in an action to recover such damages, a complaint is demurrable which does not allege that the trespass was committed within a stock law district.

2. *Pleading. Defects; Cured by Admission.*—Where the action was for damages caused by domestic fowls trespassing upon the lands of another, the failure to allege that the trespass was committed within a stock law district was not cured by an admission in open court that it occurred in such a district, where it did not appear whether the district was one created under section 5881, et. seq., Code 1907, or under a special law affecting the right to permit the running at large of anything other than stock.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by William T. Jones against John A. Duncan, for damages to crops caused by the defendant permitting his ducks and turkeys to run at large. Judgment for defendant and plaintaiff appeals. Affirmed.

JOHN W. INZER, for appellant. The court erred in sustaining demurrers to the complaint.—143 Ala. 222; Sec. 5889, Code 1907. Domestic fowls are animals.—1 Addison on Torts, 398 and 938; 66 N. C. 618. When stock districts are established by a vote of the people, the common law doctrines is re-instated.—*Ryal v. Allen,* 143 Ala. 222.

JAMES A. EMBRY, for appellee. Appellee was not liable to appellant for any damage done his crops by appellee's turkeys and ducks.—Section 4340, Code 1907; Toulmin's Dig. 723; *N. C. & St. L. v. Peacock,* 25 Ala.

[Jones v. Duncan.]

229; *Hurd v. Lacy,* 93 Ala. 428; *Wilhite v. Speakman,* 79 Ala. 400; *Ryall v. Allen,* 143 Ala. 222.

WALKER, P. J.—The plaintiff claimed damages for alleged injury to his crop of corn caused by the defendant's "covey of turkeys and ducks," which, as alleged in the two counts of the complaint, respectively, the defendant knowingly, carelessly, and negligently permitted to use upon the plaintiff's land, and knowingly, carelessly, wrongfully, and negligently permitted and allowed to run at large. Neither count of the complaint averred that the land of the plaintiff was inclosed by a lawful fence (Code, § 4242), or that it was within a stock law district. If the recital contained in the judgment entry that "it was admitted in open court that the trespass complained of occurred in a stock law district or a district in which stock are prohibited from running at large," could be given the effect of an amendment of or addition to the averments of the complaint, still it is not made to appear that the land in question was either in a stock law district established under the provisions of the general statute on the subject (Code, § 5881 et seq.) or in such a district established under a local or special law which effected the right to permit the running at large of anything other than stock. It is not claimed that the word "stock," as used in such a connection, is to be understood as embracing domestic fowls, such as turkeys and ducks.

It is settled in this State that, in the absence of a statute governing the matter, the owner of domestic animals may suffer them to run at large, and is not liable for damages committed by them upon the unin-closed lands of another—*Wilhite v. Speakman,* 79 Ala. 400; *Hurd v. Lacy,* 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61; *Ryall v. Allen,* 143 Ala. 222, 38 South. 851;·

*Joiner v. Winston,* 68 Ala. 129. The averments of the complaint not showing that the plaintiff was within the protection of any statute on the subject, it was subject to the demurrer interposed to it. As it is not made to appear in any way that the land of the plaintiff upon which the corn alleged to have been injured was growing was within a stock law district established under the general statute, the record is not to be regarded as presenting the question whether the provision of Section 5889 of the Code making it "unlawful for the owner of any stock or animal to knowingly, voluntarily, negligently, or willfully permit any such stock or animals to go at large on the premises of another, in such precinct," affects the right of the owner of domestic fowls to suffer them to run at large.

Affirmed.