## F. M. TEAGUE, Respondent, v. CHARLES CLEMONS, Appellant.

### Springfield Court of Appeals, May 12, 1914.

1. ANIMALS: Trespass by: Injuries to: Liability. Plaintiff's horse turned loose to graze on land separated from defendant's land by a fence wandered on to defendant's land and ran into a one strand barbed wire fence which was not near the highway but entirely on the defendant's land. There was no allegation or proof that the wire was stretched for any malicious purpose. Plaintiff was not entitled to recover.

2. ————: Injuries to: Trespassers: Liability. The owner of an animal which strays upon the common and is thereby a technical trespasser, cannot recover damages from the owner of the land where the animal is injured by reason of a fence placed on the land by the landowner, where such fence is not so closely located to a highway that persons or animals passing along might by a misstep be injured.

Appeal from Taney County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*C. P. Sharp* and *R. C. Ford* for appellant.

(1) The demurrer should have been sustained. Turner v. Thomas, 71 Mo. 596. (2) The allegations,

in the petition, do not support the verdict of the jury and the judgment of the court. Hughes v. Railroad, 66 Mo. 327; Schmidt v. Distilling Co., 90 Mo. 293. (3) The verdict of the jury is against the law and the evidence and is for the wrong party. Turner v. Thomas, 71 Mo. 596; Hughes v. Railroad, 66 Mo. 325; Foster v. Swope, 41 Mo. App. 137; Schmidt v. Distilling Co., 90 Mo. 293.

*G. B. Wilson* and *D. F. McConkey* for respondent.

(1) Plaintiff's horse was lawfully upon the commons, and if it received injuries while there, owing to the careless and negligent construction of the fence, consisting of one strand of barbed wire, loosely stretched and fastened to trees in the timber, even though the fence be a lawful fence, the plaintiff is not debarred from recovering damages by the fact that his horse was at the time running at large upon the range and commons, as there was no stock law in Swan township. Calvin v. Sutherland, 32 Mo. App. 77. (2) The question of carelessness and negligence on part of defendant, in loosely stretching and fastening the barbed wire to trees through the timber, was purely a question of fact, to be passed upon by the jury, under the instructions of the court, after hearing all the evidence, and the plaintiff was not guilty of contributory negligence in turning his horse out upon the range and commons to graze and feed, although he knew of the barbed wire, as he could not be deprived of the use of the free range and commons by the defendant's violation of duty. Gooch v. Boyer, 62 Mo. App. 206.

FARRINGTON, J.—Plaintiff recovered a judgment for forty dollars against the defendant in the circuit court of Taney county on an amended petition in which he alleged that on May 17, 1911, he was the owner of a gray work horse of the value of seventy-five dollars, and that while said horse was running at

large on the range and common near the plaintiff's farm and premises it ran into and against an unlawful, dangerous and carelessly constructed fence, to-wit, a fence composed of a single barbed wire tensely stretched through the range and woods; that the fence was carelessly constructed, erected and built by the defendant enclosing defendant's land and premises near where said horse was at large; and that by reason of coming in contact with said wire the horse was injured and blemished and rendered unfit for service for a period of three months, requiring time and money in properly treating and caring for the wound.

The defendant filed a general demurrer to the petition which was overruled. So far as the record before us shows, no answer whatever was filed but the case was tried as though a general denial had been filed. This is quite immaterial as under the view we take of the case the plaintiff neither pleaded nor proved a cause of action against the defendant.

The evidence shows that the plaintiff was working in a field which was separated by a partition fence from the land (which was woods and pasture) of the defendant, and that he instructed one of his boys to turn the horse loose with the harness on to graze while they were working. It appears that beginning at the corner post of the fence dividing the land of plaintiff and defendant, some time a year or more before May 17, 1911, the defendant had caused to be stretched a one-strand barbed wire fence entirely on his land, the same being fastened by staples to the trees and forming an enclosure in which the defendant sometimes turned his horses and stock at night. The horse owned by plaintiff, while grazing, ran into this wire, which, as before stated, was entirely located on defendant's land, and received the injuries sued for. The petition fails to allege and the evidence fails to show that this wire was anywhere near a highway, and the evidence fully discloses that the horse when in-

jured was not traveling along any highway or road-way, but was grazing on the land of the defendant. There is no allegation or proof that the wire was stretched by defendant for any malicious purpose.

The foregoing statement is sufficient under the law of this State to decide the case. It has been expressly held, beginning with the case of Hughes v. Railroad, 66 Mo. 325, that the owner of an animal which strays upon the common and is thereby a technical trespasser cannot recover damages from the owner of the land where the horse or other animal is injured by reason of fences, holes, structures, or anything placed on the land by the landowner, where such fence or hole or structure is not so closely located to a highway that persons or animals passing along might by a misstep be injured. [See, Turner v. Thomas, 71 Mo. 596; Foster v. Swope, 41 Mo. App. 137; Barney v. Railway Co., 126 Mo. 372, 28 S. W. 1069; Colvin v. Sutherland, 32 Mo. App. 77; Wilt v. Coughlin, 176 Mo. App. 275, 161 S. W. 888.] Some of these cases are relied upon by the respondent, but it will be seen that all hold to the statement of the law herein announced; and in those cases where damages were recovered, it was owing to the proximity of the fence or hole or structure to a highway or roadway. Respondent cites the case of Gooch v. Bowyer, 62 Mo. App. 206. It will be noted that in that case the plaintiff turned his horse in his own pasture and was permitted to recover because the defendant had stretched a strand of barbed wire along a division line on plaintiff's side and the question in the case was simply one of contributory negligence, and the opinion in no way sustains the contentions of the respondent here.

The plaintiff failed entirely to make out a case. Both the demurrer to the petition and the demurrer to the evidence were well taken. The judgment is reversed. *Robertson, P. J.,* and *Sturgis, J.,* concur.