(81 South. 426)

## GRIFFIN v. FOWLER. (6 Div. 469.)*

(Court of Appeals of Alabama. Nov. 19, 1918. Rehearing Denied March 18, 1919.)

1. EVIDENCE ⬥12—JUDICIAL KNOWLEDGE—POPULATION.

The Court of Appeals judicially knows that the town of Brighton is a town of 1,502 population according to the last federal census.

2. ANIMALS ⬥50(1) — "STOCK LAW DISTRICT."

A "stock law district" within Code 1907, § 4251, is a district in which stock is by law prohibited from running at large.

3. APPEAL AND ERROR ⬥690(4) — RECORD — ADMISSIBILITY OF EVIDENCE.

Ruling on admission of ordinance in evidence will not be reviewed, where ordinance is not set out in bill of exceptions.

4. APPEAL AND ERROR ⬥701(2) — BILL OF EXCEPTIONS—MATTERS PRESENTED.

Where bill of exceptions does not purport to set out all the evidence, the refusal of requested charges is not properly presented for review.

5. ANIMALS ⬥55—DAMAGES—PLEADING.

In an action for damages done by defendant's cow in plaintiff's garden in a town, a stock law district, complaint was demurrable where it did not allege that defendant was a

resident of said district, or was in said district at the time of the wrongs alleged.

**6. ANIMALS ☞48—RUNNING AT LARGE—LIABILITY FOR INJURIES.**

Under the common law prevailing in Alabama, the owner of domestic animals may suffer them to run at large, and the owner of premises not properly inclosed is without remedy for resulting injury.

**7. STATUTES ☞239—DEROGATION OF COMMON LAW—STRICT CONSTRUCTION.**

Statutes in derogation of the common law are strictly construed.

**8. STATUTES ☞231—CONSTRUCTION—CODIFICATION.**

When doubt and ambiguity result from codifying a statute, the court will refer to the original enactment and give effect to its provisions as originally framed, notwithstanding a change in the phraseology, unless a clear intention is manifested to change its operation and effect.

**9. ANIMALS ☞49 — TRESPASS—COMMON-LAW LIABILITY—CHANGE BY STATUTE.**

Act 1886–87, p. 67, providing that whenever two or more districts in which stock is prohibited from running at large lie adjacent and any stock passes from one into the other, said stock and the owner thereof shall be liable for damages, does not abolish the common law of the state applying to persons and property not residents, or situated within the stock law district.

**10. ANIMALS ☞53—TRESPASS—COMMON-LAW LIABILITY.**

So long as the law recognizes and protects the rights of a citizen to turn his domestic animals on the common, the exercise of that right cannot be made the basis of personal liability, unless it is attended with negligence or wrongdoing.

**11. ANIMALS ☞53—TRESPASS—COMMON-LAW LIABILITY.**

Before the act of defendant in turning her cow on the common can be made the basis of personal liability, it must be shown that the general rule of law protecting such right has been abrogated by statute, or is not applicable to the territory wherein the act was done.

**12. ANIMALS ☞97 — TRESPASS — STATUTORY LIABILITY.**

To entitle one to recover damages under Code 1907, § 4251, he must show, either that his premises were inclosed by a lawful fence, or were within a district wherein stock was prohibited by law from running at large, and that defendant turned his stock at large in such district, or in an adjacent stock law district, or allowed his stock to run at large in a common inclosure within which more persons than one cultivated lands without the consent of all such persons.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Suit by Mrs. R. J. Fowler against Rena Griffin for damages done by stock running at large in the Town of Brighton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint claimed $20 damage done by defendant's yellow and white spotted milk cow during the months of August and September, 1916, in plaintiff's garden in the town of Brighton, a stock law district in Jefferson county, Ala., which said damages are more particularly set forth as follows: " * * * and the plaintiff claims a lien on said cow for the satisfaction of said damages and charges." The grounds of demurrer noticed in the opinion are as follows:

(4) It does not allege that the defendant is. a resident of. said stock law district or was in said stock law district at the time of the wrongs alleged.

(10) For aught that appears, the defendant may have been a resident of another district wherein it was permissible to permit stock to run at large, and the said stock may have been permitted to run loose in said district and wandered into the said stock law district.

G. P. Benton, of Bessemer, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

BROWN, P. J. Under the provisions of section 2879 of the Code, as amended by act approved September 22, 1915, appellant, on the facts stated in her affidavit, was entitled to appeal without bond or security for costs. Acts 1915, p. 715.

[1] The result of our first effort in this case demonstrates the wisdom of following the beaten path in the administration of justice. On first consideration, taking from the record facts which seemed not to be controverted as our predicate, we assumed that the plaintiff was relying on an ordinance of the town of Brighton (which we judicially know is a town of 1,502 population, according to the last federal census) as establishing a stock law district, and, with this as a basis for our conclusion, we ruled that the case was not brought within the provisions of section 4251 of the Code, imposing liability on the owner of domestic animals "for all injuries and trespasses committed by such animals by breaking into the inclosure or grounds of another inclosed by a lawful fence, or within a stock law district, or running at large in a common inclosure within which more persons than one are cultivating land without the consent of all such persons," etc., holding that the terms "a stock law district" as there used was a district within which stock are prohibited by statute from running at large. This conclusion was reached for the reason, not then stated, that this rule of liability originated in an act of the General Assembly approved February 26, 1887, providing that—

"Whenever in the state of Alabama two or more districts in which stock of any kind are prohibited from running at large, lie adjacent to each other and any stock passes from one of said districts into another, said stock and the owner thereof shall be liable for damages, in every respect to be enforced in the same manner as if they lived within the district where the damage is committed." Acts 1886–87, p. 67.

This act was incorporated in section 2115 of the Code of 1896, which reads:

"If any stock trespass upon any lands inclosed as herein prescribed, or embraced in a district in which such stock is by law prohibited from running at large, the owner of such stock must pay the damages; and for each trespass after the first, double damages."

The statute was brought forward into the Code of 1907 as section 4251 in its present form.

With this statute in force, the Supreme Court, in Jones v. Hines, 157 Ala. 624, 47 South. 739, held that the owner of stock that lawfully allowed his stock to run on the commons was not liable for damages if such stock wandered into the corporate limits of the city of Gadsden, where, by ordinance, stock were prohibited from running at large.

[2] While, for these reasons, we adhere to the view that a "stock law district," within the meaning of section 4251 of the Code of 1907, is a district in which stock are by law prohibited from running at large, we are convinced that the premise assumed in disposing of the case on our first consideration is wholly untenable. In fact, appellee, in responding to the application for rehearing, says:

"There was never any ordinance in evidence showing that the town of Brighton ever attempted to make it a stock law district."

[3, 4] The bill of exceptions recites:

"The plaintiff then introduced in evidence an ordinance of the town of Brighton, to which the defendant objected," etc.

But the ordinance is not set out in the bill of exceptions, nor does the bill of exceptions purport to set out all the evidence, and, under repeated rulings in this state, the refusal of charges requested by the defendant and the objection to the admission of the ordinance in evidence is not properly presented for review. Southern Railway Co. v. Kendal & Co., 14 Ala. App. 242, 69 South. 328; Southern Railway Co. v. Herron, 12 Ala. App. 415, 68 South. 531; Lamar v. King, 168 Ala. 285, 53 South. 279.

[5] However, we hold that the complaint was subject to the objection pointed out by the fourth and tenth grounds of demurrer, and the court erred in overruling the demurrers.

[6] Under the common law prevailing in this state, the owner of domestic animals may suffer them to run at large, and the owner of premises not properly inclosed is without remedy for injury caused to his premises or growing crops by such animals. Hurd v. Lacy, 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61; Clear Creek Lumber Co. v. Gossom, 151 Ala. 450, 44 South. 404; Means v. Morgan, 2 Ala. App. 547, 56 South. 759; Jones v. Duncan, 4 Ala. App. 388, 58 South. 972; Wilhite v. Speakman, 79 Ala. 400.

[7-9] Statutes which are in derogation of the common law are strictly construed. 4 Mayf. Dig. p. 850, § 21, and authorities there cited. And when doubt or ambiguity result from codifying a statute, the court will refer to the original enactment and give effect to its provisions as originally framed, notwithstanding a change in the phraseology, unless a clear intention is manifested to change its operation and effect. E. T., V. & G. R. R. Co. v. Hughes, 76 Ala. 590; Jackson County v. Derrick, 117 Ala. 361, 23 South. 193. When reference is had to the original enactment under consideration, all doubt as to its purpose and scope is removed. Acts 1886–87, p. 67, quoted above. No purpose is here manifested to abolish the common law of this state applying to persons and property not resident or situated within a stock law district, and liability is visited on the owner of stock allowed to go at large in a stock law district on the same principle that the owner of domestic animals was held liable by the English common law, to wit, that it is the duty of the owner having such animals in a stock law district to restrain them so as to prevent them from depredating on the property of others. Forsythe v. Price, 8 Watts (Pa.) 282, 34 Am. Dec. 465; Bulpit v. Matthews, 145 Ill. 345, 34 N. E. 525, 22 L. R. A. 55.

[10] Our laws, like the common law, operate territorially and not personally. Jones v. Hines, supra. And so long as the law recognizes and protects the right of the citizen to turn his domestic animals on the common, the exercise of this right can never be made the basis of personal liability unless it is attended with negligence or wrongdoing, and it is not within legislative competency to impose such liability for the doing of a lawful act in a lawful way and without negligence. Zeigler v. S. & N. A. R. R. Co., 58 Ala. 594; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. 640; Vaughn v. State, 81 South. 417;[1] S. & N. A. R. R. Co. v. Morris, 65 Ala. 193; Davis v. State, 68 Ala. 58, 44 Am. Rep. 128; Brown v. A. G. S. R. R. Co., 87 Ala. 370, 6 South. 295; Birmingham Min. R. R. Co. v. Parsons, 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92.

[11, 12] It therefore follows that, before the act of the defendant in turning her cow on the common can be made the basis of personal liability, it must be shown that the

[1] Ante, p. 35.

general rule of law protecting such right has been abrogated by statute or is not applicable to the territory wherein the act was·done. To entitle one to recover damages under the provisions of section 4251 of the Code of 1907, it is incumbent that he show by appropriate averments and proof, either that his premises were inclosed by a lawful fence, or that it was within a district wherein stock were prohibited by law from running at large, and that the defendant turned his stock at large in such district or in an adjacent stock law district, or allowed his stock to run at large in a common inclosure within which more persons than one cultivated lands without the consent of all such persons.

The question of the right of a municipal corporation to provide for the impounding of domestic animals trespassing or going within a district wherein stock are prohibited by ordinance from running at large is not involved in this case, but see Jones v. Hines, supra.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.