(132 So. 886)

## PELHAM v. SPEARS.

4 Div. 540.

Supreme Court of Alabama.

March 5, 1931.

E. C. Boswell, of Geneva, for appellant.

A. A. Smith, of Hartford, for appellee.

ANDERSON, C. J.

The common-law rule that animals must be on owner's own premises does not obtain in this state. The rule is rather reversed and animals are permitted to run at large unless prohibited by statute. Means v. Morgan, 2 Ala. App. 547, 56 So. 759; M. & O. R. R. v. Williams, 53 Ala. 595; Hurd v. Lacy, 93 Ala. 427, 9 So. 378, 30 Am. St. Rep. 61. The com-

plaint, however, charges that the cow was unlawfully on the highway through the negligence of the defendant, that is, "contra iormam statuti," (contrary to the form of the statute) meaning, we suppose, in violation of the stock law. If the point of injury was within the stock law district, this fact should perhaps have been specifically averred, Jones v. Duncan, 4 Ala. App. 388, 58 So. 972, but we will assume, only for the purpose of deciding this case, that the complaint brings the territory within a stock district, yet it nevertheless shows upon its face that the cow was not unlawfully upon the highway. In other words, section 10215 of the Code, which is a part of the stock law, makes it unlawful to permit stock to go upon the premises of another and not upon the highway. Means v. Morgan, supra; Colvin v. Sutherland, 32 Mo. App. 77.

Therefore, the complaint merely charges the defendant with negligence in permitting the cow to be at a point where she had the right to be and there could be no negligence on the part of the defendant in this respect unless the animal had such propensities as would probably result in the injuries charged, and that said propensities were known to the owner. Even if the owner negligently permitted the cow to be on the highway, as charged in the complaint, the said negligence must have been connected with the damage and it should be averred and proved that the cow was of such a nature that the damage done was likely to arise from such an animal and the owner knew of its propensity. Fox v. Koehnig, 190 Wis. 528, 209 N. W. 708, 49 A. L. R. 903. The present complaint, while charging negligence, fails to establish a duty owing the plaintiff by the defendant not to permit the cow of the usual and ordinary nature and propensities to be upon the highway.

There seems to be considerable difference of opinion as to the liability of owners of animals who injure others on the highway, and liability is most generally found where the animal was there in violation of a statute or ordinance, but the best adjudicated cases hold that, if the animal is not unlawfully on the highway, the owner is not liable for injuries therefrom unless it was of such disposition and possessed such propensities, known to the owner, as would likely or probably suggest the infliction of damage to third persons or their property.

The trial court did not err in sustaining the defendant's demurrer to the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.