198 So. 137

## CRITTENDEN v. SPEAKE.

### 8 Div. 60.

Supreme Court of Alabama.

Oct. 10, 1940.

J. N. Powell, of Hartselle, and Newton B. Powell, of Decatur, for appellant.

134

Wert, Hutson & Crow, of Hartselle, for appellee.

THOMAS, Justice.

The sufficiency of the count on which the trial was had is urged by appellant's counsel.

The complaint as amended was as follows:

"Plaintiff claims of the defendant the sum of $100.00, for that on or about to-wit, January 30th, 1937, Howell Turney, agent of the plaintiff, acting within the line and scope of his employment, was driving plaintiff's automobile on a public highway in Morgan County, Alabama, known as the Hartselle-Valhermosa Highway one-fourth of a mile east of the City of Hartselle, Alabama, that said plaintiff's automobile collided with a mule, the property of the defendant, that said mule was running at large along said highway without driver or custodian, that said collision took place about six o'clock in the evening after dark. That defendant negligently allowed said mule to run at large within a stock law district on a public highway in Morgan County, Alabama. Plaintiff alleges that all of said damages to his said automobile were caused as a proximate result of the negligence of the defendant as aforesaid."

The plaintiff, as was his right (Code, § 9513), amended his complaint and the trial was had on that amendment.

Defendant did not refile his demurrer to the complaint as amended. In this state of the record, there is no ruling on the demurrer presented for review. The failure to refile demurrer waived all defects to the amended complaint. Demurrer not refiled after amendment only challenges the original complaint, to which the demurrer was directed, and not to the amended complaint. Wadsworth Red Ash Coal Co. v. Scott, 197 Ala. 361, 72 So. 542.

Section 10215 of the Code provides that it is unlawful for the owner of any stock or animal to·knowingly, voluntarily, negligently, or wilfully permit any stock or animal "to go at large on the premises of another, in such precinct, and the owner of such stock or animal so permitted to run at large shall be liable to any person injured thereby for all damages done to crops, shade or fruit trees, or ornamental shrubs of another, to be recovered before any court of competent jurisdiction; and the judgment of the court against the owner of such stock or animal so depredating shall be a lien superior to all liens on the stock or animal causing the injury, * * *."

It will be noted that the injury charged in the amended complaint, and for which recovery is sought, is not of the kind or character indicated above, the accident in question, resulting from a collision on a public highway, having occurred in a stock law district. Thus the aforesaid accident, for which recovery of damages is sought, does not come within the provisions of said Section 10215 of the Code, set out above.

The subject was considered in Pelham v. Spears, 222 Ala. 365, 132 So. 886, 887, and the decision was to the effect that the above-quoted statute which is a part of the

stock law "makes it unlawful to permit stock to go upon the premises of another and not upon the highway." Means v. Morgan, 2 Ala.App. 547, 56 So. 759.

The subject has been further considered in other jurisdictions and the holdings are to the effect that one is not liable for damages done by stock running at large in stock law districts if the stock escaped by accident or misadventure. Goodman v. Gay, 15 Pa. 188, 53 Am.Dec. 589; Fallon v. O'Brien, 12 R.I. 518, 34 Am.Rep. 713.

The injury for which damages are sought is alleged to have occurred on January 30, 1937, and, therefore, is to be ruled upon under the section of the code we have indicated, and not by the later statute approved September 13, 1939. General Acts 1939, p. 487.

The record has been carefully examined and we find no evidence that defendant "knowingly, voluntarily, negligently, or wilfully permitted" the animal in question to go at large in such stock law precinct, or that the collision was the proximate cause of any negligent act of the defendant.

It results that the trial court committed reversible error in not giving the general affirmative instruction which was duly requested in writing by the defendant.

Reversed and remanded.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.