ISAAC FARRAR *versus* ALLEN GILMAN *& al.*

The indorsement of negotiable paper belonging to a bank, by a cashier, is *prima facie* evidence of a legal transfer of such paper.

THIS was an action on a promissory note, dated Feb. 25, 1837, and payable to the Penobscot Bank or order, in fifty-seven days and grace. The signatures of the signers were admitted, as was the signature of the cashier of the bank, purporting to indorse the note to the plaintiff. The defendants consented to be defaulted, subject to the opinion of the Court, whether such indorsement by the cashier, without any other proof of his authority, passed the property in the note to the plaintiff, so as to entitle him to maintain the action.

*Gilman*, for the defendants, contended, that the cashier had no authority, by virtue of his office, to negotiate or to sell the paper of the bank, and that the plaintiff had failed in establishing any title in himself to the note in suit.

*E. G. Rawson*, for the plaintiff. The cashier is intrusted with the funds of the bank ; he is its executive officer; and, in the absence of all restrictions, it is his duty to apply the paper, as well as the cash of the bank, to such purposes as the interest of the bank may require. *Folger* v. *Chase*, 18 Pick. 63 ; *Flucker* v. *Bank of U. S.*, 8 Wheat. 338.

The opinion of the Court was delivered by

WESTON C. J. — Negotiable notes of hand and bills of exchange are often negotiated to and from banks, and from one bank to another. Nothing is more common than paper of this kind, bearing the indorsement of the cashier of a bank, in his

official capacity. And it may perhaps be assumed as a universal usage, that when instruments of this description are indorsed or transferred by a bank, he becomes their organ for this purpose. It may not be necessary to decide, that he may do this without special authority; and such an assumption might well be questionable. But as he is held out to the public as the confidential officer and actuary of the bank, as he is under bonds for the faithful performance of his duties, and as he acts as their organ in the transfer of negotiable paper, it is not in our opinion too much to hold, that when he indorses such paper, belonging to the bank, in his official capacity, it is *prima facie* evidence of a legal transfer.

In *Folger* v. *Chase*, 18 Pick. 63, the authority of the cashier was proved by a vote of the directors. But WILDE J. who delivered the opinion of the Court, says, "we think the indorsement by the cashier, in his official capacity, sufficiently shows, that the indorsement was made in behalf of the bank." In the *United States* v. *Elijah D. Greene & als.* 4 Mason, 427, a note, the property of the bank of Passamaquoddy, was indorsed by their cashier to the plaintiffs. His authority to do so, does not appear to have been proved, nor was it questioned.

*Judgment for plaintiff.*