# Kilpatrick v. Harper.

## *Detinue.*

1. *Landlord and tenant; when relation exists.*—Where, by the rental contract, one party furnishes the lands, and is to pay for one-third of the fertilizer used, if any, and the other furnishes

[Kilpatrick v. Harper.]

the teams, implements and labor for the cultivation of the crop, which is to be divided between them, one-third to the land owner and two-thirds to the tenant, the relation of landlord and tenant exists, (Code of 1886, §3064); the crop belongs to the tenant, who is entitled to possession, and the landlord has a lien on it for the payment of his rent.

APPEAL from Geneva Circuit Court.

Tried before Hon. J. W. FOSTER.

This was an action of detinue brought by the appellee, Paul Harper, against the appellant, W. W. Kirkpatrick, to recover a certain quantity of corn. On the trial of the case it was shown that the corn sued for was raised on the land of the defendant under a contract between him and the plaintiff, substantially as follows: The defendant furnished the lands, and was to pay for one-third of the fertilizer used, if any, and the plaintiff was to cultivate the crop, furnish the mules and farming implements and was to give the defendant one-third of the corn for the rent of the place. After the crop had been raised, the defendant, without the knowledge or the consent of the plaintiff, went into the field and gathered all of the corn and hauled it to his house and housed it. The plaintiff demanded two-thirds of the corn so taken, and upon the defendant's refusing to deliver it to him, brought the present action of detinue for its recovery.

W. O. MULKEY, for appellant, cited, *Keyser & Maas,* 111 Ala. 390; *Gardner v. Head,* 108 Ala. 618; *Adams v. State,* 87 Ala. 89; *Collier v. Faulk,* 69 Ala. 58; *Smith v. Rice,* 56 Ala. 418; *Shields v. Kimbrough,* 64 Ala. 504; *McCall v. State,* 69 Ala. 227.

P. N. HICKMAN, *contra.*

McCLELLAN, J.—By the terms of section 3064 of the Code (1886) the relation of landlord and tenant existed between the parties to this suit in respect of the corn sued for. The property therefore belonged to the tenant, the plaintiff, and the defendant, the landlord, had a lien on it for the payment of the rent. It follows that plaintiff was entitled to the possession of the property; and the court did not err, there being no conflict in the evidence, in giving the affirmative charge in his favor.

Affirmed.