# Moore *v.* Williams *et al.*

*Bill in Equity for Specific Performance of Contract of Sale of Land.*

1. *Specific performance: competency of witness to testify as to transactions with deceased administrator.*—Where a bill is filed by a vendee of a purchaser of land at an administrator's sale, averring the payment by his vendor of the purchase money and seeking to compel a conveyance of said lands to the complainant, the vendor of the complainant who

purchased the lands at the administrator's sale is not a competent witness to testify to his having paid the purchase money to the administrator who died before the final settlement of the estate; such witness being one interested in the result of the suit, within the meaning of the statute, (Code, § 1794).

2. *Decree; when no presumption of satisfaction arises after ten years.*—Where, in a suit in equity to enforce a vendor's lien, a decree is rendered declaring a vendor's lien on the land in controversy and ordering a sale thereof to pay the balance of the purchase money, the amount of which is ascertained in a decree, but which does not adjudge personal liability against the defendant, such decree does not come within the provisions of section 1930 of the Code, and no presumption of payment of the purchase money arises from the fact that no execution was ever issued on the decree, or from the fact that the bill in such case was dismissed by complainant several years after the decree was rendered.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellant, Charles P. Moore, against the appellees. As amended the bill averred substantially the following facts: The defendants and one W. H. Williams, who was not made a party to the bill, are the sole heirs at law of Thos. L. Williams, deceased, who died on January 17, 1876, and at the time of his death was seized and possessed of the lands involved in this controversy, together with other real estate. The lands in controversy were by appropriate proceedings in the probate court of Jeffer-county, on November 25, 1876, set apart and assigned as dower to the widow of said Thos. L. Williams, who has been ever since and is now in possession thereof. On January 13, 1879, at a public sale made by William J. Eubanks, as administrator of the estate of Thos. L. Williams, deceased, under proper orders of the probate court of Jefferson county and in conformity thereto, W. H. Williams, who was the son of Thos. L. Williams, deceased, became the purchaser of the lands involved in this controversy, subject to the widow's

dower right therein . W. H. Williams paid a part of
the purchase price of said lands and executed two notes
for the balance with sureties. Before the maturity
of either of said notes Eubanks, as administrator of
Thos. L. Williams, deceased, died, and in February,
1880, William J. Bass was appointed administrator
*de bonis non* of the estate of Thos. L. Williams, de-
ceased. In March, 1882, W. H. Williams paid to Bass
as administrator of the estate of Thos. L. Williams,
deceased, the first of the purchase money notes which
were given for the payment of the lands purchased by
him. Upon the payment of this note, Bass, as
administrator, reported that all the lands purchased
by Williams, except the lands in controversy, had been
paid for in full, and under order of the court Bass exe-
cuted to Williams a deed to all the lands so purchased by
him, except those here sued for. On July 2, 1884, said
William J. Bass, as administrator *de bonus non* of the
estate of Thos. L. Williams, deceased, together with the
defendants in this suit, filed a bill in the chancery court
of Jefferson county against W. H. Williams and the
sureties on the last of the purchase money notes, alleg-
ing the non-payment of said notes, and prayed that a
vendor's lien be declared upon the lands in contro-
versy. It was then averred in the bill that while said
suit for the enforcement of the vendor's lien was pend-
ing, W. H. Williams paid to Bass, as administrator,
the amount due on said note in full, and thereafter, on
November 7, 1887, the suit in the chancery court was
dismissed at the instance of the complainants. It was
then averred that W. H. Williams had fully complied
with all the terms of the sale, had paid all the pur-
chase money due upon said lands, and that although
he had requested a deed to be made to him, conveying
the lands in controversy, no deed had ever been made
by either Bass, as administrator, or the defendants in
this suit. That Bass had died in 1891, and that there
was no administrator of the estate of Thos. L. Williams,
deceased, to make the conveyance to W. H. Williams,
and that the defendants had failed and refused upon
request to execute such conveyance. It was further
averred that on December 7, 1897, W. H. Williams sold

and conveyed to the complainant, Chas. P. Moore, the lands involved in controversy, subject to the dower right of the widow of Thos. L. Williams, deceased, and that the complainant was now the owner thereof.

The prayer of the bill was that a decree be rendered directing the defendants to make a conveyance of said lands to the complainants in accordance with his purchase thereof.

In their answers to the bill the defendants denied that the sale by Eubanks, as administrator of Thos. L. Williams, deceased, to W. H. Williams, was a legal and valid sale, and averred that the decree of sale was not obtained and the sale was not conducted and concluded as required by law. The defendants in their answer further denied that W. H. Williams had ever paid the amount of the purchase money due for the purchase of said lands, or that he had ever paid either of the notes given therefor. The defendants admitted the filing of the bill against W. H. Williams to enforce the vendor's lien, but averred that they did not know that they were made parties complainant to such bill, and that at the time they were minors and did not authorize such bill. They deny that while said suit was pending Williams paid to Bass, as administrator, the amount due upon said note in full; and aver that if there was a dismissal of said suit it was not by reason of the payment of said note, because said note had never been paid and that Williams had frequently acknowledged his indebtedness for the balance due upon the purchase price of the lands in controversy.

The proceedings in the probate court incident to the sale of the lands and the execution of the conveyance thereunder are attached to the bill as exhibits. There is also attached to the bill as exhibits the bill filed against W. H. Williams to enforce the vendor's lien, and the decree dismissing said bill, which recites that the dismissal was on motion of the complainants. This decree of dismissal was dated November 17, 1887. There was also introduced in evidence the decree of sale, which was rendered in the bill filed by Bass, administrator, and others against W. H. Williams to enforce the vendor's lien. This decree was dated Au-

gust 27, 1884, and was a decree declaring a vendor's, lien and ordering a sale of the lands to pay the balance of the purchase money which was ascertained in the decree, but which adjudged no personal liability against W. H. Williams.

In the depositions of W. H. Williams he testified to the facts substantially as stated in the bill of complainant, stating several times in his deposition that he had paid to the administrator of Bass, as administrator of Thos. L. Williams, deceased, the money due upon each of the notes given for the balance of the purchase money of the lands purchased by him at the administrator's sale, and further testified to conversations had between him and Bass relative to the payment of said notes. To each portion of such testimony of the witness W. H. Williams, as set forth in the deposition, defendants reserved an exception, upon the ground that it was the statement of a conversation or transaction had with the administrator who was deceased, and that the witness was interested in the result of the suit.

The lawyer who filed the bill against W. H. Williams, to enforce the vendor's claim testified in his deposition that his recollection was that the suit was dismissed because of a settlement had between W. H. Williams, and W. J. Bass, as administrator; that Bass was the administrator of the estate of Thos. L. Williams, deceased, and also the estate of Jessie W. Williams, and that W. H. Williams owed the estate of Thos. L. Williams, and the estate of Jessie W. Williams was indebted to him, and that a settlement was made through this mutual indebtedness.

The defendants in their depositions testified that W. H. Williams had never paid the whole of the purchase money due for the lands in controversy, and that he had, at various times, admitted his indebtedness therefor. It is unnecessary to go further into details in this statement of facts.

Upon the submission of the cause upon the exceptions of the defendants to certain portions of the complainant's testimony, the chancellor sustained the exceptions to the portions of the testimony of the complainant as above stated.

On the final submission of the cause on the pleading and proof, the chancellor decreed that the com plainant was not entitled to the relief prayed for, and ordered the bill dismissed. Complainant appeals, and assigns as error the decree of the chancellor sustaining the exceptions to the complainant's testimony and the final decree denying the relief prayed for and dismissing the complainant's bill.

JOHN J. MOORE, for appellant.

LANE & WHITE and J. M. GILLESPY, *contra.*—In a case for specific performance, a vendee can not testify after the death of the vendor as to any transaction with or statement by such vendor.—*Brown v. Weaver,* 113 Ala. 228. An incompetent witness cannot make himself competent by transferring the claim sought to be enforced.—*Glover v. Gentry,* 104 Ala. 222.

The satisfaction of a decree declaring the vendor's lien is not presumed after the lapse of ten years without execution. Section 1930 of the Code of Alabama is not applicable to such a decree. No execution could have issued upon it, and it is not within the purview of this section of the Code.—*Baker v. Young,* 98 Ala. 428.

McCLELLAN, C. J.—The issue in this case is whether W. H. Williams had paid the purchase money due the estate of Thomas L. Williams, Sr., deceased, to Bass, the administrator of said estate. Bass having died before a final settlement of said estate, the testimony of W. H. Williams, who is interested in the result of this suit, to the effect that he had made payment to Bass, as such administrator, was properly excluded by the chancellor.

The decree of the chancery court, rendered more than ten years before this suit was instituted, declaring a vendor's lien on this land in favor of Bass, the administrator, and against W. H. Williams, and ordering a sale thereof to pay balance of purchase money, the amount of which is ascertained in the decree, but

which does not adjudge personal liability upon Williams, nor order execution, does not come within the terms of section 1930 of the Code, and no presumption of the payment of the purchase money arises from the fact that no execution has ever issued on that decree, or from the fact that the bill in that case was dismissed by the complainant two or three years after the decree was rendered. These facts may have some evidential value as tending to show payment of the purchase money; but they do not raise the legal presumption of payment referred to in said section.

But even if this decree were within the provisions of section 1930, and, therefore, forms the statutory basis for the *prima facie* presumption of payment there provided for, or assuming it not to be within the terms of that section, but still to afford ground for an inference of fact that the purchase money had been paid, the competent testimony in the case is sufficient to overturn such presumption and to cut away the ground of such inference of fact, and to show that the purchase money has never been paid by W. H Williams or at all. We deem it unnecessary to go into a discussion of the evidence. The most that can be said of it favorably to complainant is that Williams and Bass agreed that the balance of purchase money due the estate of Thomas L. Williams, Sr., deceased, from W. H. Williams should be taken by Bass out of W. H.'s interest in another estate of which Bass was also administrator, and the evidence is clear that Bass did not receive such balance for Williams from such other estate, and so informed Williams. Add to this that Williams often admitted owing such balance of purchase money to the estate of Thomas L. Williams, Sr., deceased, long after the bill in the chancery court was dismissed, and we have no difficulty in concurring with the judge of the city court in his conclusion that Williams still owes a balance of purchase money, and in affirming his decree denying relief and dismissing the bill.

Affirmed.