# Hendricks *v.* Clemmons.

*Action on Common Counts for Services of Minor Son.*

(Decided May 19, 1906. 41 So. Rep. 306.)

1. *Landlord and Tenant; Cropping Contract; Tenancy in Common.* —Where one party furnishes the land and team with which to cultivate it and the other party furnishes the labor necessary to make the crop, and each party furnishes an equal amount or one half the feritlizers used to make it, with agreement to divide the crop equally, a tenancy in common in the crop exists under § 2760, Code 1896.

2. *Tenancy in Common; Services of Cotenant; Recovery for Services.*—Where a minor makes a contract such as to render him a cotenant of the crop with the land owner, neither he nor his parents can recover of the land owner for services rendered by the minor towards making the crop, the same being rendered by such minor for his own benefit.

APPEAL from Geneva County Court.

Heard before HON. P. N. HICKMAN.

Action by Lydia Clemmons against George H. Hendricks. From a judgment for plaintiff, defendant appeals.

W. O. MULKEY, for appellant.—Under the facts in this case the mother acquisced in the contract made by

the son and cannot recover.—*R. C. P. & G. R. R. Co. v. Moon*, 66 Ark. 413; *Nixon v. Spencer*, 16 Iowa, 214; *Gayle v. Parrott*, 1 N. H. 28; *Campbell v. Campbell*, 11 N. J. Eq. 268; *Whiting v. Earle*, 3 Pick. 201.

C. D. CARMICHAEL, for appellee.—Under the facts testified to by the appellant the relation of hire existed between him and the minor; the mother was not a party to the agreement and not bound by it. A person hires and pays a minor at his peril.—19 Ala. 604; 92 Ala. 78; 17 A. & E. Ency. of Law, (2nd Ed.) 379.

DOWDELL, J.—This is a suit on the common counts, brought by the appellee, who was plaintiff in the court below, to recover of the defendant reasonable value for the services of her minor son, renderd by the latter to the defendant. The evidence discloses that the plaintiff's son, who was a minor about 17 years of age, contracted with the defendant for the rent of a farm to be worked by him on a plan known and called "on halves"; that is to say, on a plan for an equal division of the crops raised on the land. The defendant was to furnish the land and team to cultivate the same, and plaintiff's son to furnish the labor. The contract further provided that each was to furnish one-half of the fertilizers to be used on the land in the cultivation of the crops.

It is insistd by counsel for appellee that under the law (section 2712, code of 1896) this was a contract of hire, and that, the defendant having so contracted with plaintiff's minor son without her consent or authority, and having received the benefits of his services, he is liable to her for the value of the same. The law is well settled that the parent is entitled to the services of his minor child, and that one who receives the benefit of such services is liable therefor to the parent. Such is the general rule of the law. There must, however, exist a contract of hire, express or implied, and under which service is rendered and received. But for the statute it is clear that the contract would not be one of hire, and it could not be said under such contract that the defendant received the benefit of services rendered by the other

contracting party, and for which at law he would be liable. Does the contract shown by the evidence in the case fall within the terms of the statute? We think not. The statute provides as follows: "When one party furnishes the land and the team to cultivate it and another party furnishes the labor, with stipulations express or implied, to divide the crop between them in certain proportions, the contract of hire shall be held to exist," etc. So much the contract in question contained. It, however, did not stop with this, but went a step further and provided that each party should furnish one-half of the fertilizers to be used in making the crop. This additional provision to the contract took it without the influence of section 2712, and, being without the statute, it cannot be said to be a contract of hire. The contract was such a one as, under section 2760, created a tenancy in common between the defendant and the plaintiff's minor son of the crops grown.

The services rendered by the minor son in his preformance of his part of the contract were for his own benefit in raising the crops, in which he was to have an equal share, and were not services rendered as such for the defendant, and for which he could make the defendant liable in an action at law for the value of his services. If the minor son could not by next friend maintain an action against the defendant for the value of his services performed under the contract, we are unable to see how the parent could maintain such an action. Under the foregoing view, our opinion is that the trial court erred in the judgment rendered. The judgment, therefore, will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and SIMPSON, JJ., concur.                                                    z