# Haynes Mercantile Co. *et al. v.*Bell.

### *Action on Case.*

(Decided June 30, 1909.   50 South. 311.)

1. *Tenancy in Common; Crops.*—Crops raised under an agreement whereby one party is to furnish the land, teams and half the fertilizer, and the other party was to furnish the labor and the other half of the fertilizer, were held by such parties as tenants in common.

2. *Judgment; Lien; Crops.*—One's interest as tenant in common of cotton is subject to the lien of a recorded judgment against him.

3. *Same; Lien; Destruction.*—Where a party purchases property of a judgment debtor and ships it to market outside of the county, this fact affords an inference that the judgment creditor lost his opportunity to enforce his lien, thereby making defendant liable to him.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action in case by J. T. Bell against the Haynes Mer-
cantile Company and others for destruction of a lien.
From a judgment scetting aside the judgment for de-
fendants, and granting plaintiff a new trial, defendants
appeal. Affirmed.

Plaintiff had procured a judgment against M. N. & G.
W. Warren before a justice of the peace in Clay county,
which was registered in the office of the probate court of
that county. G. W. Warren and Wiley Powell had rais-
ed cotton in the county under an agreement whereby, as
claimed by plaintiff, said Warren and Powell were ten-
ants in common of the cotton. Plaintiff claimed his
judgment was a lien on the interest of said Warren in
the cotton. Defendants purchased the cotton and ship-
ped it out of the county.

E. J. GARRISON, for appellant.—Under the facts in
this case no tenancy in common existed in the crop, but
the crop was the property of Wiley Powell alone.—Sec-
tion 2712, Code 1896; *Kilpatrick v. Harper*, 119 Ala. 453.
The plaintiff failed to make out his case in that he fail-
ed to prove that he was deprived of the enforcement of
his lien.—*Hamilton, et al. v. Phillips*, 120 Ala. 177;
*Street v. Duncan*, 117 Ala. 571.

WHATLEY & CORNELIUS, for appellee.—No brief came
to the Reporter.

DENSON, J.—It was open to the court to find from
the evidence that the cotton in controversy was raised
under an agreement whereby Powell was to furnish the
land and teams and one-half of the fertilizers, and War-
ren was to furnish one-half of the fertilizers and the la-
bor to cultivate the land. If such was the agreement,
then under the law the relation of tenants in common

of the cotton subsisted between Powell and Warren, and Warren's interest in the cotton was subject to the plaintiff's recorded judgment lien.—*Hendricks v. Clemmons,* 147 Ala. 590, 41 South. 306; *Thompson v. Mawhinney,* 17 Ala. 362. The case of *Kilpatrick v. Harper,* 119 Ala. 452, 24 South. 715, is not opposed to the ruling made in the case of *Hendricks v. Clemmons, supra,* as will be easily discovered upon a comparison of the facts of the two cases.

The registration of the judgment in the office of the judge of probate gave notice of its existence to all persons, by the express terms of the act of February 23, 1899 (Loc. Acts, 1898-99, p. 1809). Moreover, the bill of exceptions discloses evidence which tends to show notice to defendant of Warren's interest in the cotton at the time the purchase of the cotton was made. After purchasing the cotton at Lineville, in Clay county, defendant shipped the same to market outside of Clay county. From these facts the court might infer that the plaintiff lost his opportunity to enforce his lien.

The court found in favor of the defendant, but upon motion for a new trial set aside the judgment and granted a new trial. We cannot say that the court committed reversible error in setting aside its judgment and granting a new trial.

The judgment granting a new trial is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.