## Southern Railway Co. v. Herron.

### Injury to Passenger.

(Decided April 20, 1915.  68 South. 551.)

1. *Evidence;  Judicial Knowledge;  Common Knowledge.*—The
courts take judicial notice of the custom of railroads to carry children under certain age free, when accompanied by an adult passenger paying fare.

2. *Carriers;  Passengers;  Who Are.*—A child about nine months
old, accompanying its mother, who is a passenger for hire, is also a
passenger, though riding free, and the carrier owes such child the
same duty as if fare had been paid.

3. *Same;  Care Required.*—Where the mother and a child, less
than a year old, became a passenger on defendant's train and notified the agent collecting fares that she desired to get off at a particular station to which she had never before been, the carrier owed
the child the duty to give the mother notice that the train had
stopped or was about to stop at her destination, either by calling the
station, or by giving personal notice, and to stop the train and
afford the mother an opportunity, and a safe place, to alight; failing
to do so, and having carried the mother and child beyond their destination, the child could recover for any ill effects, resulting as a
proximate consequence of being compelled to return to its destination
in another way.

4. *Same.*—While ordinarily a carrier need not give a passenger
personal notice that his station has been reached, yet exceptional
circumstances may impose such a duty, in view of the age, sex or
physical infirmity of the passenger.

[Southern Railway Co. v. Herron.]

5. *Appeal and Error; Record; Presumptions.*—Where the record does not contain all the evidence, it will be presumed on appeal that there was evidence on the trial which authorized the court to decline to instruct a verdict for the defendant, and which justified the refusal of the court to grant a new trial.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Mary Herron, by next friend against The Southern Ry. Co. for injuries received as a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. Under the evidence in this case, the court should have directed a verdict for the defendant, and failing therein, to have set aside the verdict that was rendered by the jury.— *Southern Ry. Co. v. Herron,* in MSS. Sup. Court. The duty was on the plaintiff to establish by evidence the custom of railroads to carry infants free of charge when accompanied by a grown person paying fare.—*Ball v. Mobile L. & P. Co.,* 146 Ala. 309.

W. L. ACUFF and R. L. WINDOM, for appellee. It was the duty of the railroad to carry plaintiff to her station and afford a safe method of leaving the train.—*Central of Ga. Ry. Co. v. Carlysle,* 56 South. 737. There was a conflict in the evidence as to whether the station was called and the train stopped, and there was no error in declining the affirmative charge, nor in overruling the motion for a new trial.—*Montg. Traction Co. v. Haygood,* 44 South. 560; *Beeming v. Bryant,* 56 South. 754.

BROWN, J.—The evidence shows that the plaintiff, at the time of the alleged wrong complained of in the complaint, was a child about nine months old; that the plaintiff's mother with the child in her arms became a passenger on the defendant's train at Burnwell, Ala.,

and after boarding the train paid to the defendant's servant, whose duty it was to receive fares and tickets, the regular fare to her destination, Coalburg, and that no other fare was demanded for the carrying of the child. Under these circumstances, and especially in view of the custom of railroads to carry children of this age when accompanied by an adult passenger paying fare free of charge, which is a matter of common knowledge, and of which the courts will take knowledge without proof, the plaintiff was a passenger, and the defendant owed her the same duty as it would had the mother paid fare for carrying the plaintiff.—2 Hutchinson on Carriers, §§ 1019, 1020; 2 White, Personal Inj. on R. R. § 559; *Austin v. Great Western Ry. Co.,* L. R. 2 Q. B. 442; *Littlejohn v. Railroad Co.,* 148 Mass. 478, 20 N. E. 103, 2 L. R. A. 502.

There is evidence tending to show that when the defendant's agent collected the fare from plaintiff's mother she informed him that she had never been to Coalburg, but desired to get off at this station. The defendant owed the plaintiff the duty to give plaintiff's custodian notice that the train had stopped, or was about to stop, at her destination, either by calling the station distinctly, so that the name of the station could be heard and understood, or by personal notice, and to stop the train at the regular station, and afford plaintiff's mother a safe place and reasonable time to alight from the train.—*A. C., G. & A. Ry. Co. v. Cox,* 173 Ala. 634, 55 South. 909; *Central of Ga. Ry. Co. v. Carlisle,* 2 Ala. App. 514, 56 South. 737; 4 R. C. L. 1086, § 537; 6 Cyc. 585, § 5; 2 White, Per Inj. R. R. §§ 703-713; 2 Hutchinson on Carriers, §§ 1121-1127.

While ordinarily the carrier is under no duty to give the passenger personal notice that his particular station has been reached, "exceptional circumstances, however,

may impose this duty, as where conditions of age, sex, or physical infirmity may bring that within the scope of the conductor's duty toward a passenger, although otherwise it would be beyond the limit of such obligation." —2 Hutchison on Carriers, § 1121; *Railway Co. v. Boyles,* 11 Tex. Civ. App. 522, 33 S. W. 247; 2 White, Per. Inj. on R. R. § 709. If the defendant failed to perform these duties it owed the plaintiff, and carried her beyond her destination and in returning to her destination she was made ill as a proximate consequence thereof, she was entitled to recover.—*A. C., G. & A. Ry. Co. v. Cox,* 173 Ala. 629, 55 South. 909.

The case was submitted to the jury on the third count of the complaint and the general issue, with leave to give in evidence facts showing contributory negligence on the part of the mother, and the jury returned a verdict for the plaintiff. The only matter now urged for reversal of the judgment is the refusal of the court to set aside the verdict on the ground that it is not supported by the evidence, and for refusal of the affirmative charge to defendant. It clearly appears from an examination of the record that all the evidence submitted to the jury is not set out in the bill of exceptions. The record shows that the testimony of Della Williams, a witness in behalf of the plaintiff, was taken down by the court stenographer and transcribed, and that this testimony was read to the jury, and the same was made a part of the evidence and marked "Exhibit B," but this evidence is not set out in the record. And likewise the record shows that the defendant introduced the testimony of Miss Robbins, who testified about these same facts in another case, and that her statement was made a part of the evidence, but it is not set out in the record, nor does the bill of exceptions recite that it contains all the evidence. On this state of the record, the presump-

[Atlantic Coast Line Ry. Co. v. Jones.]

tion will be indulged that the evidence offered on the trial justified the court in  refusing  the  affirmative charge and in overruling the motion for a new trial.— *Clardy v. Walker,* 132 Ala. 264, 31 South. 78; *Sanders v. Steen,* 128 Ala. 633, 29 South. 586; *Fleming v. Ussery,* 30 Ala. 282.

No error being shown on the record, the judgment of the circuit court must be affirmed.  ·

Affirmed.