[Southern Railway Co. v. Kendall & Co.]

# Southern Railway Co. v. Kendall & Co.

### Damages for Setting Out Fire.

(Decided May 11, 1915. Rehearing denied June 3, 1915.
69 South. 328.)

1. **Appeal and Error; Review; Record; Matters Shown.**—Where the record on appeal fails to show that the motion for a new trial was acted upon, assignments of error based on such motion present nothing for review.

2. **Same.**—Where the record fails to show the motion to exclude the testimony, assignments of error based on such motion present nothing for review.

3. **Charge of Court; Directing Verdict.**—Where a defendant is not entitled to the affirmative charge on all the counts of the complaint, the court may properly refuse the affirmative charges as to particular counts in the complaint.

4. **Same; Ignoring Issues.**—Instructions which ignore issues presented by one count of a complaint, are properly refused.

5. **Same; Argumentative.**—Charges which are argumentative or which give undue prominence to particular parts of the evidence may be refused without error.

6. **Railroads; Setting Out Fire; Instructions.**—Where the action was for the destruction of certain cedar posts by fire set out from an engine, a charge that if the engine was supplied with the most approved appliances and devises for the prevention of fires in use by well rgulated railroads, and such appliances were well managed and handled, there was no negligence on the part of defendant by which the fire was communicated to the post at or near the posts, the verdict should be for defendant, was properly refused as tending to mislead the jury to the conclusion that defendant must be guilty of negligence, with respect to the equipment or operation of its trains; such charge also narrowed the issue in requiring the jury to find that the fire was communicated at or near the posts.

7. **Evidence; Degree of Proof; Civil.**—All that is required in a civil case is proof of a fact to the reasonable satisfaction of the jury.

8. **Railroads; Setting Out Fire; Instructions.**—A charge that if defendant's engine was in good condition, properly handled, and had a spark arrester and all modern appliances, no inference of negligence arises from the accidental dropping of embers on the right of way, invaded the province of the jury.

9. **Same.**—A charge that if one of defendant's engines threw sparks upon the lumber, and the sparks so thrown set fire to the lumber, but that the engine was furnished with proper appliances and was properly handled by the engineer, the verdict should be for defendant, tended to mislead the jury to believe that a verdict should go for defendant, if the engine was properly handled with respect to the preservation of the property and life in charge of the engineer.

[Southern Railway Co. v. Kendall & Co.]

10. **Same; Burden of Proof.**—Where a fire originates from sparks emitted by a railroad engine, the railroad company has the burden of showing that the engine was properly equipped and handled, and also that it was properly constructed.

11. **Same; Evidence.**—Under the evidence in this case it was a question for the jury whether the railroad company was guilty of negligence proximately resulting in the injuries complained of.

12. **Appeal and Error; Review; Record; Matters Presented.**—Although the bill of exceptions recited that it contained all the evidence, yet where it showed that the fact was otherwise, this court can not review the denial of the affirmative charge.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ was denied.—193 Ala. 681, 69 South. 1020.—Reporter.)

Suit by E. L. Kendall & Co. against the Southern Railway Company, for damages for the destruction of certain cedar poles alleged to have been burned by fire set out from a locomotive of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

There were five counts in the complaint, but only four went to the jury, as the first count was stricken on demurrer. The facts sufficiently appear. The following charges were refused the defendant. Charges 3, 4, and 5 were the affirmative charges as to counts 3, 4, and 5.

" (1) If the jury believe from the evidence that one of defendant's engines threw sparks on dry grass or stubble or other combustible material on defendant's right of way, and that the sparks so thrown themselves set fire to said dry grass, stubble, or other combustible material, and that the burning of said dry grass, stubble, or other combustible material communicated the fire to plaintiff's property, and, further, that said engine was furnished with a spark arrester and other appliances, and that same were in good condition, then they ought to find a verdict for the defendant."

" (11) If the jury believe from the evidence that defendant's engine was furnished with spark arrester and other appliances for the purpose of preventing the escape of fire or sparks, of a good character, and such as was in general use at the time by well-regulated railroads, and that such appliances were in good condition, and that the defendant was not guilty of any negli-

gence in operating defendant's engine and train, but that fire nevertheless escaped, and fell and set fire to the property of plaintiff, the jury ought to find the verdict for the defendant."

(15) Same as 11.

"(23) If the jury find from the evidence that defendant permitted grass and other combustible material to accumulate on the right of way, this cannot be deemed negligent, unless it is affirmatively shown that sparks were emitted from the engine. This is not matter of mere conjecture, but the burden is on the plaintiff to show the fact to the reasonable satisfaction of the jury."

(No charge 25 appears, but charge 21 is evidently meant and it is legally similar to charge 23.)

"(7) It would be a fact that one of defendant's engines recently passed the point where the first was discovered near the track, or shortly thereafter, raises no presumption of law that the fire was started by said engine or train."

"(10) If you believe from the evidence in this case that the engine in question at the time of the accident was supplied with the most approved appliances and devices for the prevention of fires in use by well-regulated railroad companies in this country, and that such appliances were well managed and handled by the servants in charge thereof at the time, and that there was no negligence upon the part of the defendant by which said fire was communicated to the posts in contest here, at or near the said post, then it is your duty to find for the defendant."

"(12) If you believe from the evidence that one of defendant's engines threw sparks upon the lumber or posts of plaintiff's and that the sparks so thrown set fire to said lumber or posts, and that the burning lumber or posts communicated the fire to plaintiff's other property, and, furthermore, that said engine was furnished with sparks arrester and other appliances of approved character to prevent, as far as possible, the throwing of sparks, and was properly handled by the engineer, and that said spark arrester, and other appliances were in good condition, then they ought to find a verdict for the defendant."

"(22) If the jury find from the evidence that engine No. 1004 was in good condition, was properly handled and had a spark arrester, and all modern appliances, and was equipped in like manner with engines used on well-regulated railways, no inference of negligence arises from the accidental dropping of embers

on the right of way, on which grass or stubble had been permitted to accumulate.

COOPER & COOPER, for appellant. SPRAGINS & SPEAKE, for appellee.

BROWN, J.— (1) There is nothing in the record showing that the motion for a new trial was ever acted upon by the trial court, and for this reason nothing is presented for review by assignments of error predicated on this motion.—*Milner Coal & R. R. Co. v. Wiggins,* 143 Ala. 132, 38 South. 1010.

(2) There is nothing in the record showing that motion was made to exclude the testimony of J. L. Kendall as to the market value of cedar at Gurley's Station, and assignments of error predicated on such supposed ruling are not sustained. The only motion to exclude testimony given by this witness was made with respect to an explanation of the difference between the statement presented when the claim for damags was filed with the defendant and the claim as embraced in the complaint.

(3) Where there is more than one count in the complaint and the defendant is not entitled to the affirmative charge on all the counts, it is not error to refuse charges in the form of charges 3, 4, and 5. *City of Birmingham v. Poole,* 169 Ala. 177, 52 South. 937; *Kress v. Lawrence,* 158 Ala. 652, 47 South. 574; *Cent. of Ga. R. R. Co. v. Hingson,* 186 Ala. 40, 65 South. 45.

(4) Charges 1, 11, 25, 23, ignore the issues presented by the second count of the complaint, which ascribes the loss to the negligence of the defendant in allowing dry grass and other combustible matter to accumulate on its right of way, so that it was likely to be ignited by sparks from passing trains, and were well refused.—*Southern Ry. Co. v. Dickens,* 161 Ala. 144, 49 South. 766; *L. & N. R. R. Co. v. Miller,* 109 Ala. 500, 19 South. 989.

(5) Charge 7 is argumentative, and singles out and gives undue prominence to a part of the evidence.—5 Mayf. Dig. 128, § 16.

(6) Charge 10 is subject to the vice of a tendency to mislead the jury to the conclusion that defendant must be guilty of negligence with respect to the equipment or operation of its train, and, also required the jury to find that the fire was communicated "at or near the said posts," thus narrowing the issues.

(7) Charge 13 requires the issues to be proven by a preponderance of the evidence, and this exacted too high a degree of

proof; proof to the reasonable satisfaction of the jury is all the law requires.—*U. S. F. Co. v. Charles*, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; *Southern Ry. Co. v. Riddle*, 126 Ala. 244, 28 South. 422.

(8) Charge 22 invades the province of the jury. It is the province of the jury to draw inferences from the evidence.— *Pantaze v. West*, 7 Ala. App. 599, 61 South. 42.

(9, 10) Charge 12 invades the province of the jury. Although the engineer may have properly handled the engine, it does not necessarily follow that it was handled without negligence. This charge seems to avoid negativing in words the emission of sparks through the negligence of the construction, equipment, or operation of the engine, and is misleading in that the operation predicated might have been understood by the jury to have had reference to the general operation of the engine, which might, under certain conditions, be "properly handled" to conserve the property and life under the charge of the engineer, while not so skillfully operated as to prevent emitting unnecessary sparks. Assuming that the fire originated from sparks emitted from one of defendant's engines, the burden was upon the defendant to show, not only that the engine was properly equipped and properly handled, but that it was properly constructed.—*Coffman v. L. & N. R. R. Co.*, 184 Ala. 474, 63 South. 527; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 283, 29 South. 771.

When the portion of the oral charge to which exception is reserved is read in connection with the entire charge, the law of the case is clearly stated, and no error is shown.—*Reiter-Connolly Mfg. Co. v. Hamlin*, 144 Ala. 192, 40 South. 280.

(11) The evidence is in conflict as to the time the fire started, and the point it was first discovered is not definitely shown by the evidence. The weight of the evidence is that the fire was discovered between 12 o'clock and the time defendant's train No. 26, east-bound, passed Gurley's Station, and the engineer in charge of the engine pulling train No. 25, west-bound, testified positively that he discovered fire in the vicinity of the cedar yards as he approached Gurley's. The evidence also shows that after 8 o'clock p. m. one or more freight trains passed Gurley's. The last train passing before No. 25 passed was train No. 41, as late as 9:57. This evidence was sufficient to afford an inference that the fire was communicated from some one of the defendant's passing engines, to the grass and other matters of highly inflam-

mable nature that had accumulated on the defendant's right of way, and that its servants or agents were guilty of negligence in this respect that proximately caused the plaintiff's loss. The affirmative charge, therefore, was well refused.

(12) The assignment of error based on a refusal of the affirmative charge cannot be sustained for another reason. While the bill of exceptions at its conclusion contains the statement, "This was all the evidence," it shows on its face that the memorandum made by the witness Roberts was offered in evidence, and that is not set out, and it also shows that the diagram showing the physical relation of the cedar yards to the defendant's tracks, and the location of the sawdust pile, and other matters material to an understanding of the situation, is not set out in the record.—*Ala. Terminal R. R. Co. v. Benns*, 189 Ala. 590, 66 South. 589; *Jones v. White*, 189 Ala. 622, 66 South. 605; *Sloss-Sheffield S. & I. Co. v. Redd*, 6 Ala. App. 404, 60 South. 468; *Warble v. Sulzberger*, 185 Ala. 603, 64 South. 361; *Cont. Gin. Co. v. Milbrat*, 10 Ala. App. 351, 65 South. 424; *Southern Ry. Co. v. Herron*, 12 Ala. App. 415, 68 South. 551.

Affirmed.