# Consolidated Mercantile Co. *v.* Warren.

### Detinue.

(Decided January 30, 1917.   Rehearing denied April 3, 1917.
74 South. 738.)

1. **Executors and Administrators; Actions; Stay.**—The provisions of § 2803, Code 1907, protect an estate and prevent claims being established against it, but are without influence on suits by the personal representative to recover the assets of an estate.

2. **Detinue; Evidence.**—Where the action was detinue under a mortgage to recover cotton, and the question whether the relation between the mortgagor and his son was that of tenants in common of the crop, in such sense that the mortgage covered only the interest of the father, evidence that the son was under age, and lived in the same house with the father as a member of his family, and of other like circumstances tending to support plaintiff's theory, was properly admitted.

3. **Landlord and Tenant; Tenancy in Common.**—An agreement entered into in December, 1911, whereby a father rented land to his son, agreeing to furnish a team and one-half the fertilizer, while the son was to furnish the labor in cultivating and gathering the crop, the crop to be equally divided between them, fixed the relation between them as tenants in common of the crop.

4. **Same; Priority of Right; Mortgage.**—Where the crop is grown by mortgagor and another as tenants in common the rights given by such relationship are superior to those of a mortgagee under a mortgage given on the property by one of the tenants.

5. **Witnesses; Competency; Deceased Person.**—The mortgagor is incompetent to testify that he paid the debt evidenced by the mortgage to deceased mortgagee.

6. **Detinue; Evidence.**—In an action under a mortgage to recover cotton testimony that the son of the mortgagor never laid any claim to the crop until the cotton began to move, was competent to rebut the testimony that the father had no interest in the crop raised by the son.

7. **Bills of Exceptions; Instructions.**—A bill of exception is always construed most strongly against appellant.

8. **Appeal and Error; Review; Presentation.**—The burden is on the appellant to show error, and if the mortgage offered in evidence by plaintiff did not sustain plaintiff's claim, it was the duty of appellant to incorporate the mortgage in the bill of exceptions, for otherwise the presumption will be indulged that the court properly ruled that it did sustain the plaintiff.

9. **Same.**—Where the affirmative charge is requested and refused and complaint is made of its refusal, and it affirmatively appears that all the evidence offered in the court below is not set out in the bill of exceptions, it will be presumed that there was evidence authorizing the refusal of the charge.

[Consolidated Mercantile Co. v. Warren.]

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Detinue by Delphie Warren against W. M. Mitchell for a bale of cotton and certain cotton seed. Defendant Mitchell interposed a sworn affidavit denying any claim to the property, and setting up that it was owned and claimed by the Consolidated Mercantile Company. During the progress of the cause Mrs. Delphie Warren died, and the cause was revived in the name of R. L. Warren as administrator. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff claimed under a mortgage given by J. M. Dansey, to Delphie Warren, and that the cotton in controversy was conveyed by the mortgage. The other facts sufficiently appear.

FARMER & FARMER, for appellant. W. O. LONG, for appellee.

BROWN, J.——(1) The manifest purpose of section 2803, Code 1907, providing, "No suit must be commenced against an executor or administrator, as such, until six months, and no judgment rendered against him, as such, until twelve months after the grant of letters testamentary or of administration," is to protect the estate and to prevent claims being established against it by judicial proceedings until the personal representative has had ample opportunity to ascertain the condition of the estate and the true status of the claims against it; and suits by the personal representative to recover the assets of the estate are not within the influence of this statute.—*Alabama Sate Bank v. Glass,* 82 Ala. 278, 2 South. 641. The defendant's insistence that this statute protected him from being forced to trial until the expiration of 12 months from the grant of letters of administration was without merit.

The plaintiff's theory of the case, as we gather it from the record, was that the cotton in controversy was grown by John Dansey, and that the alleged claim of Grady Dansey was a subterfuge designed to defeat the plaintiff's rights.

The theory of the defendant seems to have been that the debt secured by the mortgage had been paid, and that the plaintiff had no right in the cotton, and, further, that the relation between John Dansey and Grady Dansey was that of tenants in common, and, the relation having been established before the execution of the mortgage by an agreement between John and Grady Dansey, that the mortgage only covered the interest of John Dansey.

[Consolidated Mercantile Co. v. Warren.]

(2) These being the issues, any evidence tending to show that the claim of Grady Dansey was not in good faith, or the true relation between the parties, was relevant to the issues and admissible. On this theory the court properly allowed the plaintiff to show that Grady Dansey was under age, that he lived in the same house with his father as a member of the father's family, and such other circumstances having a tendency to support the plaintiff's theory.

(3) The evidence offered by the appellant shows that the agreement between John and Grady Dansey, father and son, was made in December, 1911; that the agreement was that the father rented Grady a crop on the place he had rented from Warren; that the father was to furnish the land, the team, and one-half the fertilizer for the crop, while the son was to furnish the labor, and the time for the cultivation of the crop, the crop to be equally divided between them. This agreement (having been made in 1911, and before the amendment of Code 1907, § 4743, by Acts 1915, p. 112) fixed the relation between the parties as that of tenants in common in the crop.—*Hendricks v. Clemmons,* 147 Ala. 590, 41 South. 306; *Haynes Merc. Co. v. Bell,* 163 Ala. 326, 50 South. 311.

(4) The plaintiff's mortgage, as some of the evidence tends to show, was not given until April, 1912, after the relation between the Danseys, if that phase of the evidence is to be believed, became fixed, and therefore Grady Dansey's interest in the crop, if the relation of tenants in common existed between the Danseys, was superior to that of the mortgagee.—*Hairslip v. Brannum,* 73 South. 464; *Kilgore v. Jones, infra,* 73 South. 832; *Mayer v. Taylor,* 69 Ala. 403, 44 Am. Rep. 522.

(5) The only theory on which the evidence of payment of the mortgage debt could be material is that the mortgage vested in the mortgagee the title to the cotton in controversy, and if the suit was against the mortgagor instead of his vendee, if defendant was a vendee of the mortgagor—and this was for the jury—the mortgagor would, beyond question, be incompetent to testify that he paid the mortgage debt to the deceased mortgagee. This being true, he cannot, by assigning his interest in the property, remove his incompetency.—*Moore v. Williams,* 129 Ala. 329, 29 South. 795; *Glover v. Gentry & Moore,* 104 Ala. 222, 16 South. 38.

(6) The testimony of the plaintiff, Warren, to the effect that Grady Dansey never laid any claim to the crops until "the cotton

[Hawkins v. The State.]

began to move" was competent to rebut the testimony offered by the defendant that John Dansey had no interest in the crops raised by Grady Dansey.—*Humes v. O'Bryan & Washington,* 74 Ala. 64.

(7) The bill of exceptions will be construed most strongly against the appellant.—*Massey v. Smith,* 73 Ala. 173; *Dudley v. Chilton County,* 66 Ala. 593; *McGehee v. State,* 52 Ala. 224. While the mortgage is not set out in the bill of exceptions, it sufficiently appears from the record that it was offered and received in evidence.

The contested questions in the case were properly left to the jury.

Affirmed.

ON REHEARING.

BROWN, P. J.—(8) The burden is on the appellant to show error.—*Smith v. State,* 183 Ala. 10, 62 South. 864. In meeting this burden, if the mortgage offered in evidence by appellee did not sustain the claim, it was the duty of the appellant to incorporate the mortgage in his bill of exceptions; and, having failed in this, the presumption prevails that the court properly ruled.— *Carand v. Burke,* 197 Ala. 435, 73 South. 10.

(9) Furthermore, where it affirmatively appears that all the evidence offered on the trial is not set out in the record, it will be presumed on appeal that there was evidence on the trial which authorized the court to refuse the affirmative charge for appellant.—*South. Ry. Co. v. Herron,* 12 Ala. App. 415, 68 South. 551.

Application overruled.