(77 South. 934)

MURPHREE et al. v. FARMERS' SAV. BANK. (6 Div. 264.)

(Court of Appeals of Alabama. Jan. 15, 1918. Rehearing Denied Feb. 5, 1918.)

1. MORTGAGES ⊂⇒312(4)—FAILURE TO ENTER SATISFACTION—DEFENSES.

Under Code 1907, § 4898, as to notice to enter satisfaction of mortgage, and penalty for failure to do so, institution of foreclosure suit, within two months after the notice, in which the fact of payment or satisfaction is contested, is a complete defense to an action for the penalty.

2. APPEAL AND ERROR ⊂⇒916(3) — PRESUMPTIONS.

On appeal in action for penalty for failure to enter satisfaction of mortgage, under Code 1907, § 4898, where foreclosure suit had been commenced within two months of the notice, and the bill therein is not set out in the record, the court must assume in favor of the trial court's affirmative charge for defendant that the issues thereby tendered embraced payment or satisfaction of the mortgage.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Action by J. M. Murphree and another against the Farmers' Savings Bank for a failure to enter satisfaction on the record of a mortgage executed by plaintiffs to defendant. Judgment for defendant, and plaintiffs appeal. Affirmed.

The testimony for plaintiff tended to show that the mortgage was paid by an order accompanied by a savings book account for $463, and the payment of some cash, and the surrender of the mortgage to plaintiff, marked paid, and the notice to marked the record satisfied. Testimony for defendant tended to show practically the same facts, but that said order for $463 had not been paid, that the fund it represented had been garnished, and also introduced a chancery file showing a bill by it against the Murphrees and Skaggs,

who had given the order for the $463 to foreclose the mortgage and sell the lands therein conveyed; it also offered a garnishment affidavit and bond and the writ, and an answer of the garnishee admitting an indebtedness to Skaggs of $346.16. Defendant also offered evidence to show that while the chancery suit was pending Skaggs compromised by giving the bank an order to the First National Bank for the $346.16, and the dismissal of the bill by defendant. This being the evidence, the court directed a verdict for defendant.

Ward & Weaver, of Oneonta, for appellants. Russell & Johnson, of Oneonta, for appellee.

BROWN, P. J. [1, 2] The institution of a suit within two months after request to enter satisfaction of record of a mortgage in which the fact of payment or satisfaction of the mortgage may be contested by the mortgagor, is a complete defense to an action to recover the statutory penalty provided for in section 4898 of the Code. Whether the issues presented by the bill in equity filed by the defendant against the plaintiff and others were broad enough to embrace the question of the payment or satisfaction of the mortgage here in question was one of fact dependent upon the averments of that bill. The bill itself is not set out in the record, and we must assume, in its absence, that the issues in that case were broad enough to embrace the issue of payment or satisfaction of the mortgage in question, and that the trial court properly gave the affirmative charge requested by the defendant. Alice Bridgeforth v. State, 77 South. 77;[1] Alabama Terminal R. R. Co. v. Benns, 189 Ala. 590, 66 South. 605; Warble v. Sulzberger, 185 Ala. 603, 64 South. 361; Southern Ry. Co. v. Kendall & Co., 14 Ala. App. 242, 69 South. 328; Southern Ry. v. Herron, 12 Ala. App. 415, 68 South. 551.

Affirmed.