(78 South. 96)

## CHOCTAW BANK v. GEWIN. (2 Div. 152.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

1. APPEAL AND ERROR ⬩695(2) — SCOPE OF REVIEW—RECORD.

The refusal of the affirmative charge will not be reviewed, where the bill of exceptions does not purport to set out all the evidence, and does not include the note and indorsement upon which plaintiff recovered.

2. BANKS AND BANKING ⬩109(3) — POWERS OF CASHIER—TRANSFER OF NOTES.

The cashier of a bank has prima facie authority, by virtue of his office, to transfer negotiable promissory notes belonging to the bank in the transaction of the usual business of the bank, and his transfer of such a note to a person who receives it in good faith confers on the transferee a valid title.

3. BANKS AND BANKING ⬩109(3) — POWERS OF CASHIER—TRANSFER OF NOTES.

While the transfer of notes by a bank cashier is presumed prima facie to be in due course of business, and binding upon the bank, this presumption may be rebutted and if the transaction on its face shows that the transferee must have known that the cashier was assuming a power and performing an act outside of his duties and for a purpose other than carrying on the business of the bank in the customary and usual way, the transfer will be regarded as unauthorized and not binding on the bank, even though the transferee paid value therefor.

4. BANKS AND BANKING ⬩109(3)—POWER OF CASHIER—NOTES—INDORSEMENT.

The mere fact that a cashier of a bank made an accommodation indorsement in the usual course of business and before maturity of the note does not relieve the bank from liability.

5. BANKS AND BANKING ⬩117 — POWER OF CASHIER—BILLS AND NOTES.

The general rule of agency, that no person can act as an agent in a transaction in which he has a personal or pecuniary interest, applies to the cashier of a bank who assumed to act as cashier in a personal loan to his kinsmen to pay a note he had indorsed.

6. BANKS AND BANKING ⬩227(2) — NOTES — CASHIER'S INDORSEMENT — EVIDENCE — ADMISSIBILITY.

Where a bank cashier, to aid his relatives in securing loan, had them make a note which he indorsed as cashier and negotiated, and on its maturity gave his personal note for a loan to plaintiff and deposited the original note as collateral, indorsing it to plaintiff, who sued the bank, evidence on behalf of the bank that the transactions regarding the note were not carried on its books as an asset should have been admitted.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 200 Ala. 648.

7. EVIDENCE ⬩⟿352(3) — CORPORATE MINUTE BOOK — ADMISSIBLE AS AGAINST STOCKHOLDER.

In such case, where it appeared that plaintiff was a stockholder in the defendant bank, the minute book kept by the directors, respecting authority of the cashier to make loans for the bank, was admissible in evidence.

8. BANKS AND BANKING ⬩⟿117 — NOTES — CASHIER'S INDORSEMENT—PAYMENT.

· The bank was entitled, if liable at all on the transaction, to all credits and moneys paid by its cashier.

9. BILLS AND NOTES ⬩⟿351 — INDORSEMENT AFTER MATURITY—EFFECT.

A note indorsed to plaintiff after maturity is subject to all legal defenses in his hands.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Assumpsit by W. P. Gewin against the Choctaw Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plaintiff claims under a promissory note made by M. L. and C. P. Mitchell, payable to the Choctaw Bank, and indorsed for value received to plaintiff. It appears from the complaint that the note is due and payable January 15, 1911, and was indorsed to plaintiff by defendant on February 14, 1911. The further history of the transaction appears from the opinion.

The charge referred to as refused to defendant is as follows:

(6) I charge you, gentlemen, that if you are reasonably satisfied from the evidence in this case that Liddell paid any amount at the request of defendant, then it is your duty to deduct this amount from such amount as you may be reasonably satisfied from the evidence in this case that plaintiff is entitled to recover, provided you are reasonably satisfied from the evidence that plaintiff is entitled to recover any amount.

Granade & Granade, of Chatom, and Gray & Dansby, of Butler, for appellant. Roach & Ward, of Mobile, and T. J. Hollis, of Butler, for appellee.

BROWN, P. J. [1] The bill of exceptions does not purport to set out all the evidence, in fact, none of the documentary evidence offered appears in the bill of exceptions, not even the note and indorsement upon which the plaintiff recovered. Therefore the refusal of the affirmative charge by the trial court will not be reviewed. Murphree v. Farmers' Savings Bank, 77 South. 934;[1] Alice Bridgeforth v. State, 77 South. 77;[2] Alabama Terminal Railroad Co. v. Benns, 189 Ala. 590, 66 South. 589; Warble v. Sulzberger, 185 Ala. 603, 64 South. 361; Southern Ry. Co. v. Kendall & Co., 14 Ala. App. 242, 69 South. 328; Southern Ry. Co. v. Herron, 12 Ala. App. 415, 68 South. 551.

[2] The cashier of a bank has prima facie authority, by virtue of his office, to transfer negotiable promissory notes belonging to the bank, in the transaction of the usual business of the bank, and his transfer of such a note to a person who receives it in good faith confers on the transferee a valid title. Everett

v. United States, 6 Port. (Ala.) 166, 30 Am. Dec. 584; Davenport v. Stone, 104 Mich. 521, 62 N. W. 722, 53 Am. St. Rep. 467.

[3, 4] While the transfer by the cashier is presumed prima facie to be in due course of business, and binding upon the bank, this presumption may be rebutted, and if the transfer is shown to have been made in a transaction plainly out of the usual course of business, and the transaction on its face shows that the transferee must have known that the cashier was assuming a power and performing an act outside of his duties and for a purpose other than carrying on the business of the bank in the customary and usual way, the transfer will be regarded as unauthorized and not binding on the bank, even though the transferee paid value therefor. Everett v. United States, supra; Farrar v. Gilman, 19 Me. 440, 36 Am. Dec. 766; Smith v. Lawson, 18 W. Va. 212, 41 Am. Rep. 688; 3 R. C. L. 452, § 81. However, the mere fact that the indorsement is an accommodation indorsement made in the regular course of business and before maturity of a note is not sufficient to relieve the bank from liability. 3 R. C. L. p. 453, § 82.

[5] The general rule of agency, that no person can act as an agent in a transaction in which he has a personal or pecuniary interest, applies to the cashier of a bank. Campbell v. Manufacturers' National Bank, 67 N. J. Law, 301, 51 Atl. 497, 91 Am. St. Rep. 438; 3 R. C. L. p. 445, § 71; Bowdon Lime Wks. v. Moss, 14 Ala. App. 433, 70 South. 292. All these principles are applicable to this case.

[6-9] There is evidence in the record tending to show that Liddell, who was the cashier of the defendant bank, used his office to aid his kinsmen, the Messrs. Mitchell, in procuring a loan of money from the Bank of Chatham, and to effect this result the note of January 10, 1915, was drawn on one of the blank notes of the defendant, and was executed by M. L. and C. T. Mitchell, and on its face made payable to the defendant. The defendant advanced no money on this note, and so far as appears the matter was not treated as a transaction with the defendant, but Liddell indorsing the note as "cashier" negotiated it to the Bank of Chatham for and in behalf of the Mitchells, who received the money thus obtained. When the note matured, Liddell, who was still cashier of the defendant bank, was notified and arranged with the plaintiff for a loan to take up this note, and executed his personal note to the plaintiff for the amount, agreeing to procure the note in question from the Chatham Bank, and indorse it to plaintiff as collateral to secure the loan. The money thus obtained from plaintiff was paid to the Bank of Chatham, and the note in question was delivered to Liddell, who again indorsed it as cashier, and delivered it to the plaintiff. The evidence tends to show that the defendant re-

ceived no benefit whatever from this transaction.

The evidence not only tends to show that the advance made by the plaintiff was a personal loan to Liddell, but it further shows that the plaintiff was a stockholder in the bank and had notice of the purposes for which the loan was being procured. The evidence offered by the defendant for the purpose of showing that the transaction with the Bank of Chatham and that the note executed by Mitchell Bros. as not entered upon the books or carried in its records as an asset should have been admitted, and the court erred in refusing to admit this evidence. In view of the evidence showing that plaintiff was a stockholder in the bank, the court erred in sustaining the plaintiff's objection to the minute book kept by the board of directors respecting the authority of the cashier to make loans for the bank. There was also evidence tending to show that Liddell, while. cashier of the bank, had made payments on his personal note executed for the loan to plaintiff, and for which the note in question was deposited as collateral security, by allowing and paying off overdrafts on the bank at plaintiff's request. If this was true, and the bank was liable at all on the indorsement in question, it was entitled to these credits, and the court erred in refusing charge 6 requested by the defendant. The note in question, being indorsed to plaintiff after maturity, was subject to all legal defenses in his hands.

The other assignments of error are treated as waived, but for the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.