### TURK v. DANIEL. (I Div. 501.)

(Court of Appeals of Alabama. June 26, 1923.)

**1. Detinue** ⊜⇒5—**Title and possession essential to recovery.**

To recover detinue, plaintiff must have the legal title to the property sued for, together with the immediate right to possession.

**2. Landlord and tenant** ⊜⇒326(3)—**Cropping contract at variance from terms of statute held to create tenancy in common; "team."**

Under Code 1907, § 4743, as amended by Acts 1915, p. 112, providing that a contract of hire shall exist where one party furnishes the land and a team to cultivate it and another party furnishes the labor, the crop to be shared equally, *held*, that a contract which required plaintiff to furnish the land, a mule, seed for planting, and fertilizer was not a contract of hire, but made the parties tenants in common; there not being that strict compliance with the statute necessary to create a contract of hire, particularly since the term "team" as used in the statute under the customs prevailing in the state comprises, not only the mule

or other beast, but also the harness, plows, and other necessary tools incident to the cultivation of crops.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Team.]

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action in detinue by W. A. Turk against Jeff Daniel, to recover 125 bushels of corn. From a judgment for defendant, plaintiff appeals. Affirmed.

Barnett, Bugg & Lee, of Monroeville, for appellant.

The plaintiff had legal title to the property in question and the right to maintain detinue for its recovery. Code 1907, § 4743; Acts 1915, p. 112; Willard v. Cox, 9 Ala. App. 439, 63 South. 781; Farrow v. Wooley, 149 Ala. 373, 43 South. 144; Carleton v. Kimbrough, 150 Ala. 618, 43 South. 817; Arrington v. State, 168 Ala. 143, 52 South. 928; Foust v. Bains, 167 Ala. 115, 52 South. 743; Adams v. State, 159 Ala. 115, 48 South. 795; Courtney v. State, 10 Ala. App. 141, 65 South. 433; Collier v. Faulk, 69 Ala. 58.

Hybart & Hare, of Monroeville, for appellee.

The contract, being to furnish a mule, instead of a team, and seed, was removed from the operation of the statute. Code 1907, § 4743; Acts 1915, p. 112; Tate v. Cody-Henderson Co., 11 Ala. App. 350, 66 South. 837; Johnson v. McFry, 14 Ala. App. 170, 68 South. 716; 18 C. J. 996.

SAMFORD, J. The sole question in this case turns upon a construction of a contract between plaintiff and defendant as follows:

"Plaintiff and defendant were to engage in farming for the year 1920. Plaintiff agreed to furnish the land, mule, planting seed, and fertilizer, and defendant agreed to furnish all the labor; the crops so raised to be divided equally."

[1] To recover in this action the plaintiff must have the legal title to the property sued for, together with the immediate right to possession. The title of plaintiff to the property depends upon whether the contract, supra, is governed and controlled by section 4743 of the Code of 1907, as amended by Acts 1915, p. 112.

[2] The section of the Code above referred to, being in derogation of the common law, must be strictly construed, and if there is a substantial variance between the terms as set out in the contract and those contemplated in the statute, the relation between the parties would be that of tenants in common, and not that of employer and employee. Hendricks v. Clemmons, 147 Ala. 590, 41 South. 306.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As we see it, there are two points of material difference between the contract between these parties as shown by the evidence, and a contract in contemplation of and governed by section 4743 of the Code of 1907 as amended, supra: First. The plaintiff by his contract is required to furnish the seed for planting, which, as a matter of common knowledge is known to be a substantial item of contribution. Second, Plaintiff only agrees to furnish "a mule," which is far from being a team to cultivate a farm. There are some cases construing exemption statutes which hold that certain stock used for drawing loads were within and protected by the exemption statutes, such as Hoyt v. Van Alstyne, 15 Barb. (N. Y.) 568, and other cases there cited, but even in that state and construing the same statute it is also held that a team includes horse, harness, and cart. Harthhouse v. Rikers, 8 N. Y. Super. Ct. 606. So a team is somewhat to be determined by the use to which it is to be put.

Under the customs prevailing in this state, and under the influence of which the statute named above was enacted, "a team to cultivate it" (the land) comprises not only the mule or other beast, but also the harness, plows, and other necessary tools connected with and incident to the cultivation of the land and the growing of the crops contemplated in the contract.

Section 4743 of the Code of 1907 is little more than a declaration of the universal custom prevailing in this state in transactions of this kind and fixing the status of the parties, where otherwise they would have been, under the common law, tenants in common. To come within the status as fixed by the statute a contract, substantially complying with the terms of the statute must be shown.

We find no error in the record, and the judgment is affirmed.

Affirmed.